FOSTER WHEELER ENVIRESPONSE, INC., Appellant,

v.

FRANKLIN COUNTY CONVENTION FACILITIES AUTHORITY et al., Appellees.

[Cite as *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.* (1993), 88 Ohio App.3d 73.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–233.

Decided May 27, 1993.

*Vorys, Sater, Seymour & Pease, Thomas B. Ridgley, Michael W. Donaldson* and *Gary J. Saalman,* for appellant.

*Schwartz, Kelm, Warren & Rubenstein, Walter E. Carson, Richard A. Frye* and *John A. Gleason,* for appellee Franklin County Convention Facilities Authority.

*Ward, Kaps, Bainbridge, Maurer, Bloomfield & Melvin* and *William J. Melvin,* for appellee Lawhon & Associates, Inc.

---

TYACK, Judge.

On October 2, 1992, appellant, Foster Wheeler Enviresponse, Inc. ("Enviresponse") filed a complaint in the Franklin County Court of Common Pleas seeking recovery against the Franklin County Convention Facilities Authority ("Authority") for breach of contract and against Lawhon & Associates, Inc. ("Lawhon") for negligent misrepresentation.

In response, pursuant to Civ.R. 12(B)(6), Lawhon filed a motion to dismiss for failure to state a claim upon which relief could be granted. The trial court sustained the motion to dismiss and granted final judgment in Lawhon's favor via an entry dated January 27, 1993.

Enviresponse's complaint asserted that the corporation and the Authority entered into a contract under which Enviresponse was responsible for the removal and disposal of coal tar waste from the construction site of the Franklin County Convention Center. Consideration for Enviresponse's services was set at $265,000 with the rate of compensation based upon the removal of an estimated one hundred forty cubic yards of waste. According to the contract and its accompanying attachment, payment to Enviresponse would be adjusted according to an established unit price "should there be an authorized increase or decrease in the scope of work stated."

The complaint further alleged that Lawhon was employed as a consultant to the Authority prior to and during the tenure of the contractual relationship between the Authority and Enviresponse. Lawhon not only drafted the bid documents and specifications but also assumed a much wider scope of responsibilities, including contract preparation and the coordination and supervision of Enviresponse's activities under the agreement. Throughout the duration of the contract between Enviresponse and the Authority, Enviresponse was instructed to look to Lawhon, and not the Authority, for instruction.

While Enviresponse was engaged in the removal and disposal of the hazardous material, the corporation claims, it discovered a greater quantity of waste than anticipated under the contract. Enviresponse sought guidance from both Lawhon and the Authority on how to proceed. In response, Lawhon directed

Enviresponse to perform the additional work and advised the corporation that prior authorization for the additional endeavor was unnecessary under the terms of the contract. Enviresponse later sought confirmation of Lawhon's direction from the Authority. This contact resulted in the Authority reiterating to Enviresponse that the corporation should seek instruction exclusively from Lawhon.

Enviresponse contends that, acting under the supervision of Lawhon, it removed a significant amount of coal tar waste from the construction site beyond the volume estimated under the contract. However, when an even greater mass of hazardous material was discovered by Enviresponse, a controversy ensued. Lawhon commanded Enviresponse to stop work. After several days elapsed, Enviresponse requested further instruction from both Lawhon and the Authority. Lawhon, in reply, ordered Enviresponse off the construction site. Subsequent to Enviresponse's departure, Lawhon and the Authority informed the corporation that it would not receive any payment for the additional work which had been completed.

Following the judgment of the trial court, Enviresponse (hereinafter "appellant") perfected a timely appeal. Appellant now asserts a single assignment of error, phrased as follows:

"Whether the trial court erred in holding as a matter of law that a technical consultant, who served as a project manager and agent for a contracting party and who made negligent misrepresentations in the scope of its role as project manager and agent, could not be liable in tort for economic damages."

A motion to dismiss shall be sustained only if it is "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union* (1975), 42 Ohio St.2d 242, 71 O.O.2d 223, 327 N.E.2d 753, syllabus. This standard creates a significant hurdle to be cleared before a motion pursuant to Civ.R. 12(B)(6) can be successful.

The Supreme Court of Ohio has recently reiterated and expanded its holding in *O'Brien,* stating:

" * * * In the recent case of *Mitchell v. Lawson Milk Co.* (1980), 40 Ohio St.3d 190 [532 N.E.2d 753] * * *, we elaborated upon this standard, noting that '[i]n construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party.' *Id.* at 192 [532 N.E.2d at

756], * * * citing 2A Moore, Federal Practice (1985), 12–63, Paragraph 12.07 [2.–5].'' *York v. Ohio State Highway Patrol* (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063, 1064–1065.[1]

In the memorandum filed in support of its motion to dismiss, and again before us, appellee has argued that appellant was precluded from recovery as a result of the ruling of the Supreme Court of Ohio in *Floor Craft Floor Covering, Inc. v. Parma Community Gen. Hosp. Assn.* (1990), 54 Ohio St.3d 1, 560 N.E.2d 206. The syllabus of *Floor Craft* states: ''In the absence of privity of contract no cause of action exists in tort to recover economic damages against design professionals involved in drafting plans and specifications.''

We do not find *Floor Craft* to be determinative of the outcome of the present litigation. The syllabus in *Floor Craft* addresses those situations where a design professional has arguably been negligent in drafting plans and specifications. The complaint in the *Floor Craft* case alleged liability against an architectural firm because the firm ''negligently specified flooring and sealant which was [*sic*] incompatible with the construction methods utilized in the [p]roject.'' *Id.* at 2, 560 N.E.2d at 207.

Further, *Floor Craft* involved a situation where the flooring firm had no direct interaction with the architectural firm. The architectural firm apparently exercised no direct control or supervision over the flooring company and did not act as an agent of the hospital in dealing with the flooring firm.

Here, Lawhon is alleged to have interacted extensively with appellant in negotiating the contract, in interpreting the contract, in supervising the work, and finally in deciding to remove appellant from the job. Liability is alleged not because of negligence ''in drafting plans and specifications'' but because of a wide range of other activities by Lawhon which had little or nothing to do with drafting plans and specifications.

Since the trial court indicated no basis for sustaining the motion to dismiss other than the *Floor Craft* case, and since the *Floor Craft* case is not determinative in the fact situation alleged in the complaint filed on behalf of appellant, we can only conclude that the trial court erred in sustaining the motion to dismiss. In the words of the *O'Brien* case, it is not ''beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery.'' *O'Brien, supra.*

---

1. In *Huston v. Morris* (Mar. 12, 1991), Franklin App. No. 90AP–1009, unreported, 1991 WL 35001, and *Mitchell, supra,* Civ.R. 12(B)(6) motions to dismiss were affirmed. However, *Huston* and *Mitchell* both involved intentional tort theories as opposed to simple negligence.

Therefore, the assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded for further appropriate proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

DESHLER and STRAUSBAUGH, JJ., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.