[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant E. J. Robinson Glass Company, Inc., subcontracted with Pilot Contracting Corporation to select and install glass panels as part of the renovation of a commercial building. Robinson's contract was only with Pilot, the general contractor for the renovation. The contract with Pilot required Robinson to select and install replacement glass for the building that was "to match [the] existing [tint]." Section 11.2.5 of the contract stated that Robinson's work was "subject to the final approval of the Architect," and that "[t]he Architect's decisions in matters relating to artistic effect [would] be final if consistent with the intent of the Contract Documents."
The architect for the renovation was defendant-appellee Terry-DeRees Associates, Inc. (TDA), and its contract was with the building's owner, Eastwood Development Corporation. That contract stated that TDA's responsibility during the renovation was to "visit the project site to observe the progress of construction and report to the CLIENT [Eastwood] known deviations from the Contract Documents and from the most recent construction schedule." Thus, TDA's contractual role was to have been limited to project oversight, with responsibility for reporting to the building's owner. The parties agree that there was no direct contractual relationship between Robinson and TDA.
Robinson initially recommended black tinted glass and claimed to have received Pilot's approval of samples prior to ordering the replacement glass. But when the glass arrived, Pilot rejected it. Robinson then recommended bronze tinted glass. This time, the notes from a job-progress meeting indicated that TDA, in addition to Pilot, was to approve the glass. Robinson installed some of the bronze tinted glass in the building's window frames. TDA inspected the installed samples and, in a fax to Robinson, approved the bronze tinted glass.
But when the second choice of replacement glass arrived and Robinson began to install it, Pilot again rejected the glass as failing to match the existing tint. Then, on the third attempt, Robinson selected glass that was acceptable to Pilot and completed the installation, though by then the overall project had been delayed.
Robinson sued Pilot, defendant Fidelity and Deposit Company of Maryland, the surety for a bond to cover the discharge of a mechanic's lien perfected by Robinson on the building site, and TDA. Robinson sought certain withheld payments from Pilot for some of the work and materials provided during the renovation, and Pilot counterclaimed for damages that it said had resulted from the project's delay. Pilot and Fidelity settled their differences with Robinson at least to some extent, and are not parties to this appeal.
Robinson's claim against TDA alleged that TDA had negligently approved the second glass order. Thus Robinson sought damages related to the cost of the second glass order, as well as indemnification and contribution from TDA if Pilot's counterclaim for delay in the project proved successful. The trial court granted TDA's motion for summary judgment, ruling that "absent any contractual obligation owed by [TDA] to Robinson, Robinson cannot recover against [TDA] on its theory of negligence." Robinson now raises as its single assignment of error that the court erred in granting summary judgment for TDA. While the legal issue is not quite as absolute as expressed by the trial court, we affirm its judgment.
We review the grant of summary judgment in favor of TDA de novo, using the same standard that the trial court applied.[1] Under Civ.R. 56(C), summary judgment in favor of TDA was appropriate if (1) there was no genuine issue of material fact, (2) TDA was entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for Robinson, reasonable minds could only reach a conclusion adverse to it.[2]
The Ohio Supreme Court has held that "[i]n the absence of privity of contract no cause of action exists in tort to recover economic damages against design professionals involved in drafting plans and specifications."[3] The court reasoned that the application of tort law to a situation in which the parties are free to bargain and assess liability would encourage plaintiffs to avoid their own freely derived contract terms.[4] Thus, the court concluded that "recovery for economic loss is strictly a subject for contract negotiations and assignment."[5]
But the Ohio Supreme Court also strongly suggested in dicta that a sufficient nexus between an architect and a contractor could serve as a substitute for privity of contract.[6] Specifically, where the "supervising architect wielded excessive control over the contractor, a consequent duty arose on the part of the architect "`to perform without negligence his functions as they affect the contractor. The power of the architect to stop the work is tantamount to a power of economic life and death over the contractor. It is only just that such authority, exercised in such a relationship, carry commensurate legal responsibility.'"[7]
Robinson claims that the record contains, at least, a question of fact concerning whether its interaction with TDA provided a sufficient nexus to substitute for contract privity. We hold that it does not.
Robinson claims more specifically that the notes from the project meeting where it was told that TDA would review the second color of glass, and TDA's subsequent faxed approval, showed that TDA had the power to stop the project and to determine the economic life and death of Robinson. As a matter of law, they did not.
Robinson was contractually responsible for the selection and installation of matching glass. TDA did not assist Robinson with its first selection, and it was the general contractor, Pilot, that rejected the first selection. While TDA did approve the second selection, it was again Pilot that asserted its contractual authority to reject Robinson's second selection. Further, a thorough reading of the progress-meeting notes demonstrates that at all times Pilot was firmly in control of the project. There is simply no evidence that TDA ever asserted authority commensurate with that required to form a sufficient nexus to substitute for contractual privity. TDA never stopped the project. It was Pilot that twice rejected Robinson's selection.
Robinson contracted directly with Pilot to select and install replacement glass. The contract clearly stated that an architect would have final approval of its work. But it is clear from the contractual relationships and the subsequent conduct of the parties that Robinson received what it bargained for contractual privity with Pilot. Robinson's recourse thus lies where the contractual relationship lies with Pilot. On these facts, Robinson's claim against TDA failed as a matter of law.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, to be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Sundermann, JJ.
[1] See Doe v. Shaffer (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243,1245.
[2] See Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370, 696 N.E.2d 201, 204, citing Horton v. Hardwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus.
[3] See Floor Craft Covering, Inc. v. Parma Community Gen. Hosp. (1990), 54 Ohio St.3d 1, 560 N.E.2d 206, syllabus.
[4] Id. at 7, 560 N.E.2d at 211-212.
[5] Id. at 8, 560 N.E.2d at 212.
[6] Id. See, also, Clevecon, Inc. v. Northeast Ohio Regional SewerDist. (1993), 90 Ohio App.3d 215, 220-221, 628 N.E.2d 143, 146-147;Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention FacilitiesAuth. (1993), 88 Ohio App.3d 73, 76, 623 N.E.2d 134, 136-137; In reHughes-Bechtol, Inc. (Bankr.S.D.Ohio 1991), 124 B.R. 1007, 1019-1020;Ohio Plaza Assoc., Inc. v. Hillsboro Assoc., Inc. (June 29, 1998), Highland App. No. 96CA898, unreported.
[7] See Floor Craft, supra, at 5, 560 N.E.2d at 210, citing A.R.Moyer, Inc. v. Graham (Fla. 1973), 285 So.2d 397, 401, quoting UnitedStates v. Rogers Rogers (S.D.Cal. 1958), 161 F. Supp. 132, 136.