YORK, ADMINISTRATRIX, APPELLEE, *v.*
OHIO STATE HIGHWAY PATROL, APPELLANT.

[Cite as York *v.* Ohio State Highway Patrol (1991), 60 Ohio St. 3d 143.]

(No. 90-1264—Submitted March 19, 1991—Decided June 12, 1991.)

*Miller, Stillman & Bartel, Willard E. Bartel* and *Charles E. Wagner*, for appellee.

*Lee I. Fisher*, attorney general, *William J. McDonald* and *Simon B. Karas*, for appellant.

ALICE ROBIE RESNICK, J. The first question we must address is whether the State Highway Patrol, as an agency of the state of Ohio, is immune from liability on this claim. R.C. 2744.02 sets the parameters for the liability of political subdivisions for tortious acts committed by their employees. R.C. 2744.02(B)(1) provides that "* * * political subdivisions are liable for injury, death, or loss to persons or property caused by the negligent operation of any motor vehicle by their employees upon the public roads, highways, or streets when the employees are engaged within the scope of their employment and authority." The provision further states that liability does not attach where "[a] member of a municipal corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the motor vehicle did not constitute willful or wanton misconduct * * *." R.C. 2744.02 (B)(1)(b).

In other words, if an officer-employee of the State Highway Patrol inflicts injury upon an individual while the officer is operating a motor vehicle during an emergency, and that injury is the result of the officer's negligence, then the agency is immune from liability. However, if the officer operates his motor vehicle in a wanton or willful manner, then immunity does not lie.

In the case at bar, the appellee specifically alleged that the state highway patrolmen pursued the decedent in what amounted to a wanton and willful manner, thereby causing the decedent to sustain fatal injuries. Since R.C. 2744.02 provides no protection for wanton and willful misconduct, the State Highway Patrol will be liable if the appellee can establish this claim at trial. Consequently, appellee's claim is not barred by R.C. 2744.02 and may not be dismissed on this basis.

The second question we must address is whether the appellee's complaint should be dismissed for failure to state a claim pursuant to Civ. R. 12(B) (6). In *O'Brien* v. *University Community Tenants Union, Inc.* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, this court set forth the standard for granting a motion to dismiss pursuant to Civ. R. 12(B)(6). Specifically, we held that in order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *O'Brien* at 245, 71 O.O. 2d at 224, 327 N.E. 2d at 755, citing *Conley* v. *Gibson* (1957), 355 U.S. 41, 45. In the recent case of *Mitchell* v. *Lawson Milk Co.* (1988), 40 Ohio St. 3d 190, 532 N.E. 2d 753, we elaborated upon this standard, noting that "[i]n construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party." *Id.* at 192, 543 N.E. 2d at 756, citing 2A Moore, Federal Practice (1985) 12-63, Paragraph 12.07 [2.—5].

This standard for granting a motion to dismiss is in accord with the notice pleading regimen set up by the Federal Rules of Civil Procedure and incorporated into the Ohio Rules of Civil Procedure. Under these rules, a

plaintiff is not required to prove his or her case at the pleading stage. Very often, the evidence necessary for a plaintiff to prevail is not obtained until the plaintiff is able to discover materials in the defendant's possession. If the plaintiff were required to prove his or her case in the complaint, many valid claims would be dismissed because of the plaintiff's lack of access to relevant evidence. Consequently, as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.

In a few carefully circumscribed cases, this court has modified the standard for granting a motion to dismiss by requiring that the plaintiff plead operative facts with particularity. See *Mitchell* v. *Lawson Milk Co., supra* (when a plaintiff brings an intentional tort claim against an employer he must plead operative facts with particularity); *Byrd* v. *Faber* (1991), 57 Ohio St. 3d 56, 565 N.E. 2d 584 (when a plaintiff brings a negligent hiring claim against a religious institution, he must plead operative facts with particularity); see, also, Civ. R. 9(B), which states that "[i]n all averments of fraud or mistake, the circumstances constituting the fraud or mistake shall be stated with particularity.* * *'' However, in each of those cases, sound public policy mandated that the claims involved receive intense scrutiny from the beginning.

In the case at bar, the appellant has not provided the court with a reason for holding the appellee to a heightened pleading standard. Given the immunity provisions contained in R.C. 2744.02(B), the difficulties of obtaining relevant evidence from the government, and the absence of a strong public policy argument, we see no reason for holding plaintiffs who bring reckless pursuit claims against the state to a heightened pleading standard.

Therefore, we agree with the judgment of the court of appeals in finding that the trial court erred in granting the appellant's motion to dismiss for failure to state a claim. In her complaint, the appellee alleged that although the decedent was not disturbing the peace or violating the law, the officers pursued him "negligently, needlessly, willfully and maliciously," and used excessive force to engage in a high speed chase with him. On the basis of this claim, we cannot conclude that there is no set of facts which would entitle the appellee to recover from the state. Consequently, we affirm the decision of the court of appeals reinstating the appellee's claim.

In concluding, we note that it is not the province of this court, or of the court below, to engage in conjecture regarding a plaintiff's claim. Thus, we do not accept the reasons put forth by the court of appeals for reinstating the appellee's claim. We decline to speculate as to the manner in which the appellee will establish her claim at the summary judgment stage and beyond.

*Judgment affirmed.*

SWEENEY, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

MOYER, C.J., concurs separately.

HOLMES, J., dissents.

MOYER, C.J., concurring. I concur separately in the judgment of the majority for the following reasons. Our inquiry should begin with R.C. 4511.24, which requires emergency and public safety vehicles, when responding to emergency calls, "to drive with due regard for the safety of *all* persons using the street or highway" (emphasis added), if they are to be exempt from

the prima facie speed limitations set forth in R.C. 4511.21. The duty created by R.C. 4511.24 extends to all persons, which would include a person being pursued by a police vehicle.

The allegations of the administratrix's complaint that the officers used excessive force to engage in a high speed chase with the decedent, ultimately causing him to lose control of his vehicle, would seem to pass the test for determining a motion to dismiss filed pursuant to Civ. R. 12(B)(6). This court's opinions do not require a complaint to contain anything more than brief and sketchy allegations of fact to survive a motion to dismiss under the notice pleading rule.

Nevertheless, with respect to the majority's analysis of R.C. 2744.02, I do not agree that the mere allegation that defendants acted willfully or wantonly, thereby causing decedent's fatal injuries, is sufficient pleading of fact to deprive them of the immunity provided by R.C. 2744.02(B)(1)(b). A police officer's act of pursuing a vehicle at high speed is not on its face a wanton or willful act.

HOLMES, J., dissenting. The broad issue presented here is whether a complaint against police officers which merely alleges injury to a motorist resulting from the motorist's loss of control of his motor vehicle as he was fleeing from the police states a claim for which relief can be granted.

R.C. 4511.24 sets forth a specific regulation of police officers who are properly pursuing traffic offenders. R.C. 4511.24 states:

"The prima-facie speed limitations set forth in section 4511.21 of the Revised Code do not apply to emergency vehicles or public safety vehicles when they are responding to emergency calls and are equipped with and displaying at least one flashing, rotating, or oscillating light visible under normal atmospheric conditions from a distance of five hundred feet to the front of the vehicle and when the drivers thereof sound audible signals by bell, siren, or exhaust whistle. *This section does not relieve the driver of an emergency vehicle or public safety vehicle from the duty to drive with due regard for the safety of all persons using the street or highway.*" (Emphasis added.)

The legislature requires the driver of public safety vehicles to use due regard for the safety of all persons using the street or highway, which would necessarily include a motorist being pursued by a police officer. However, as Judge Strausbaugh of the Tenth District Court of Appeals in his dissent in this matter stated:

"* * * [T]he mere fact that police officers were in pursuit of decedent does not give rise to a duty of care owed to decedent who, by his own efforts, attempted to elude capture and suffers injury. * * *

"* * *

"In the present case, plaintiff has failed to allege any facts sufficient to demonstrate a breach of any duty owed the decedent (*i.e.*, that the officers were not in uniform, were not in a marked patrol car, had not operated a siren or other sound device, or had failed to operate flashing lights during the chase). * * * [P]laintiff has failed to enumerate in her complaint a breach of any duty owed to the decedent * * *."

The complaint's allegations that the decedent was not committing an offense and that the police had no probable cause to pursue him are irrelevant. The majority in this case ignores that even if a motorist reasonably believes he is acting within the law, he does not have a right to disregard a pursuing police vehicle or to in-

crease his speed. If he refuses a police request to stop, he may be in violation of R.C. 4511.02 (compliance with order of police officer). A refusal to stop in response to a pursuing police vehicle is reasonable grounds for suspicion and further pursuit. The decedent had no right to flee the pursuing police officers.

In Proposition of Law No. Two advanced by the Ohio State Highway Patrol, the issue is whether a complaint which alleges injury to a motorist while being pursued by police officers states a claim for which relief can be granted unless it also alleges that the police vehicle was not identifiable as such, or that the flight was otherwise lawful. Under Civ. R. 8 and the general rules of notice pleading, a complaint must set forth operative facts sufficient to give fair notice of the nature of the claim. In *Fancher* v. *Fancher* (1982), 8 Ohio App. 3d 79, 83, 8 OBR 111, 116, 455 N.E. 2d 1344, 1348, the Court of Appeals for Hamilton County quoted with approval the following passage from 5 Wright & Miller, Federal Practice and Procedure: Civil (1969), at 120-123, Section 1216 (now [1990], at 156-159, Section 1216):

"* * * [T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. * * *"

In the case *sub judice*, the plaintiff's complaint alleges that the decedent was being chased by police officers. *Ipso facto*, the decedent was in flight from those officers. Flight from a police officer is a criminal offense. R.C. 4511.02. Since a person ordinarily lacks a right to flee a police officer, a complaint alleging injury from the motorist's own act of fleeing must at least allege facts showing that the flight was lawful or justified. Plaintiff's complaint does allege that the decedent's right to flee derived from the secondary allegation that before the inception of the chase the "decedent was not committing any offense." However, the complaint fails to allege that the police vehicle was not identified as such. Furthermore, the complaint fails to state whether the patrol officers were uniformed, were in a marked patrol car, or operated a siren or flashing lights during the chase. Nor from the complaint can the reason for the chase or the type of signals, if any, given to plaintiff's decedent before the chase was initiated be determined. Thus, in order to prevail on the theory suggested by the court of appeals, that the decedent may have been fleeing from a "menace created by unknown persons," the complaint must set forth some operative facts in order to give the defendant fair notice of this theory. There are no facts in the plaintiff's complaint from which it can reasonably be inferred that the pursuing police vehicle was not identifiable as such.

Unsupported legal conclusions are not sufficient to withstand a motion to dismiss. *Mitchell* v. *Lawson Milk Co.* (1988), 40 Ohio St. 3d 190, 193, 532 N.E. 2d 753, 756; *Schulman* v. *Cleveland* (1972), 30 Ohio St. 2d 196, 198, 59 O.O. 2d 196, 197, 283 N.E. 2d 175, 176. Broad and vague legal conclusions, such as that the police chase constituted "brutal and outrageous conduct," and that the decedent "was negligently, needlessly, willfully and maliciously being pursued by Defendants," do not allege operative facts sufficient to give notice of the nature of the claim.

In Proposition of Law No. Three advanced by the Ohio State Highway Patrol, the issue is whether it appears beyond doubt from the complaint that the plaintiff can prove no set of facts which would entitle her to relief, and how far the trial court may go in imagining facts that would support the complaint. In order for a motion to dismiss to be granted, "it must appear *beyond doubt* from the complaint that the plaintiff can prove no facts entitling him to recovery." (Emphasis added.) *O'Brien* v. *University Community Tenants Union, Inc.* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, syllabus. However, courts do not accept unwarranted inferences. *Hiland Dairy, Inc.* v. *Kroger Co.* (C.A.8, 1968), 402 F. 2d 968, 973; *Ryan* v. *Scoggin* (C.A.10, 1957), 245 F. 2d 54, 57. Courts should not go so far as to indulge in conjecture concerning facts that are not pleaded, argued or suggested by the nonmoving party. The scenario of a menace from unknown persons, imagined *sua sponte* by the majority of the court of appeals, is unwarranted. Such a menace was not alleged by the complaint. The complaint alleges that the decedent was being chased by defendant's police officers. It does not allege that the decedent did not know or could not have known that they were police officers. Also, this scenario was not suggested by the plaintiff's arguments. In view of the allegations of the complaint, the arguments made by the plaintiff in support of the complaint, and the representations of fact supplied by the plaintiff, a discussion of a menace from unknown persons is unwarranted here.

Accordingly, I would reverse the court of appeals, and grant the defendant's motion to dismiss the complaint.