OPINION
Appellant, Robert Lee Parks (Robert), appeals from a judgment of dismissal entered by the Court of Common Pleas Court of Allen County, dismissing his complaint for failing to state a claim for relief against appellees Kimberly Theresa Parks (Kimberly) and Lima Memorial Hospital (LMH).
On July 29, 1997, Robert filed, pro se, a "suit for fraudulent misrepresentation" against Kimberly and LMH. The defendants moved to dismiss the complaint for failing to state a claim for which relief could be granted pursuant to Civ. R. 12(B)(6). On September 23, 1997 the Allen County Court of Common Pleas, by written judgment entry, granted appellees' motions and dismissed the complaint. Robert now takes this appeal.
Robert raises two assignments of error:
 I. The trial court erred in dismissing the complaint for failing to state a claim entitling the appellant to relief against Kimberly Theresa Parks.
 II. The trial court erred in dismissing the complaint for failing to state a claim entitling the appellant to relief against Lima Memorial Hospital.
 I.
Robert's claim against Kimberly alleges that Kimberly fraudulently misrepresented herself to be Robert's wife, causing Robert to issue a worthless check on her behalf. As a consequence, Robert claims he was convicted of uttering a bad check, incarcerated for six months, suffered severe emotional distress and heart failure.
In determining whether a complaint states a claim upon which relief may be granted, all factual allegations must be presumed as true and all reasonable inferences must be made in favor of the non-moving party. State ex rel. Lindenschmidt v. Butler Cty. Bd.of Commrs. (1995), 72 Ohio St.3d 464, 466, 650 N.E.2d 1343, 1345. A Civ. R. 12(B)(6) motion must be denied unless it appears, beyond doubt, that plaintiff can prove no set of facts consistent with the circumstances alleged in the complaint which would entitle the plaintiff to relief. York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143, 144, 573 N.E.2d 1063, 1064-65.
The particular circumstances of fraudulent misrepresentation alleged by Robert are that Kimberly, once Robert's wife, obtained a divorce from Robert without his knowledge in 1987 while he was incarcerated. Kimberly, however, retained Robert's surname, held herself out as his wife, and appeared at Robert's parole hearing in 1996 claiming to be his wife. Robert claims the adult parole authority then released him to Kimberly's custody on July 30, 1996, where he resumed living with her as her husband.
Soon after returning to Kimberly's household, Robert claims Kimberly caused him to write a check which was not supported by sufficient funds. Robert claims Kimberly "tricked" him into issuing this "worthless check," and then advised Robert's parole officer that Robert wrote a bad check. This caused a criminal investigation to commence which resulted in Robert's conviction and sentence.
Kimberly argues Robert's complaint must be dismissed as the elements of fraudulent misrepresentation are not properly alleged. The elements of a fraudulent misrepresentation tort are:
a) a representation;
b) material to the transaction at hand;
 c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether is was true or false that knowledge may be inferred;
 d) with intent to mislead another into relying on the representation;
e) justifiable reliance upon the representation; and
 f) a resulting injury proximately caused by the reliance.
Burr v. Stark Cty. Bd. of Commrs. (1986), 23 Ohio St.3d 69, 73,491 N.E.2d 1101, 1105.
Pleading the elements of a cause of action, however, is not required when making a claim for relief. When filing a claim for relief pursuant to Civ. R. 8(A) "[a] party is not required to plead the legal theory of recovery." Illinois Controls, Inc. v.Langham (1994), 70 Ohio St.3d 512, 526, 639 N.E.2d 771, 782. Furthermore, "`a pleader is not bound by any particular theory of a claim but that the facts of the claim as developed by the proof establish the right to relief.'" Id. (cite omitted). Accordingly, the test is not whether the pleader correctly and accurately set forth the legal doctrine entitling him to relief, but whether the pleader has set forth a claim for relief at all. If the circumstances as alleged by Robert could, under any set offacts, entitle him to relief against Kimberly, her motion to dismiss for failing to state a claim must be denied.
After reviewing the compliant, we cannot say, beyond doubt, that Robert "can prove no set of facts in support of his claim" entitling him to relief from Kimberly. York,60 Ohio St.3d at 144, 573 N.E.2d at 1064-65.
Robert claims Kimberly tricked him into thinking he was her husband and based upon her representations he issued a worthless check under the guise of paying her rent debt. It is conceivable that Robert might introduce facts to support this claim. For instance, Kimberly, knowing the checking account was worthless, could have caused Robert to believe that there were sufficient funds in the checking account, knowing he would rely on such representation and issue a check thereon. Such facts could support a finding of justifiable reliance on the part of Robert, entitling him to recover against Kimberly for any injuries proximately caused by her misrepresentation. Burr, 23 Ohio St.3d 69,491 N.E.2d 1101.
Though evidence may be introduced, after discovery, which demonstrates that Robert has not even an arguable claim for relief, this cause must remain open to allow such proof to be developed. A case may not be disposed of upon a rule designed to police technical pleading requirements when circumstances are alleged meeting those minimum requirements, regardless of how outrageous the claim may appear. Robert's first assignment of error is well taken. The judgment of the Court of Common Pleas of Allen County dismissing Roberts claim against Kimberly is reversed.
 II.
Unlike Robert's claim against Kimberly, we can say, beyond doubt, that there are no set of facts which could support Robert's claim for relief against Kimberly's employer, LMH. Robert's claim against LMH alleges that LMH continued to employ Kimberly under her assumed name of "Parks," despite being notified by Robert on four occasions that she was using her former married name.
The elements to a fraudulent misrepresentation were noted above. Burr, 23 Ohio St.3d 69, 491 N.E.2d 1101. We cannot envision any set of facts, based on the circumstances alleged by Robert, which would entitle him to relief from LMH for the tort of fraudulent misrepresentation. The entire relationship alleged between Robert and LMH were four letters sent to LMH by Robert. There is not alleged, and nor can there be reasonably inferred, any affirmative representation made by LMH to Robert. Burr,23 Ohio St.3d 69, 491 N.E.2d 1101. Accordingly, Robert's claim for relief against LMH cannot, under any set of facts, meet even the first element of the tort of fraudulent misrepresentation.
Further, even if LMH's employment of Kimberly under the name of "Parks" could be inferred as a representation to Robert that Kimberly was still his wife, there are no set of facts which can be envisioned wherein Robert could demonstrate justifiable reliance upon such a representation. Robert claims LMH's representations to him were made after he had knowledge of their falsity, therefore justifiable reliance could in no way be proven.Id; and York, supra.
As there are no other legal theories upon which Robert's claims could entitle him to relief from LMH, his complaint against LMH should be dismissed pursuant to Civ. R. 12(B)(6). Robert's second assignment of error is overruled.
Judgment Reversed in part and Affirmed in part. Cause remanded.
HADLEY and EVANS, JJ., concur.