OPINION
Plaintiffs-appellants William C. Maynard, et al. (hereinafter "appellants") appeal the March 19, 1999 Entry of Dismissal entered by the Perry County Court of Common Pleas, granting defendant-appellee Mark L. Harmon's Motion to Dismiss appellants' Complaint with prejudice.
 STATEMENT OF THE FACTS AND CASE
In August, 1996, appellee presented appellants with a proposal for the construction of a permanent addition to appellants' mobile home located in Perry County, Ohio. The proposal amount included the payment of appellants' existing indebtedness. Appellants accepted the proposal on August 16, 1996. On September 19, 1996, appellants executed a promissory note and security agreement in favor of appellee in the principal amount of $56,134.64. Appellants secured the note with a mortgage on their mobile home and approximately 15 acres of real property upon which the mobile home is situated. After the execution of the note, security agreement, and mortgage, appellee began construction on the addition to appellants' mobile home. Apparently, prior to the completion of the project, appellants became dissatisfied with appellee's work. The record reflects appellants' last payment on the note was July 9, 1997. On October 17, 1997, appellants filed a Complaint in the Perry County Court of Common Pleas alleging appellee's work was defective and alleging violations of R.C. Chapter 1345. On January 9, 1998, appellee filed his answer and counterclaim seeking foreclosure and asserting claims for civil assault and intentional infliction of emotional distress based upon threats allegedly made by appellant William Maynard to appellee. Upon the completion of discovery, appellee requested, and was granted, leave to file a motion for summary judgment on his foreclosure claim, which appellee filed on September 21, 1998. Appellants did not oppose the motion. Via Entry filed October 13, 1998, the trial court granted summary judgment in favor of appellee and against appellants. Appellants did not appeal the trial court's ruling. The trial court filed a Judgment and Decree of Foreclosure on October 16, 1998, in which it found appellants "may have valid and subsisting interests in the above described property as set forth in the complaint and in said Plaintiffs' respective answer." (October 16, 1998 Judgment Entry at 2). After a Precipe for Order of Sale was filed on November 3, 1998, the property was appraised and advertised. Appellee was the successful bidder at the sheriff's sale on January 8, 1999. Appellants did not appear or bid on the subject property. On December 11, 1998, appellants filed a Motion for Leave to Plead, requesting the trial court grant them leave to amend their Complaint. The trial court granted appellants' request for leave and ordered they file their Amended Complaint within seven days. The Amended Complaint added a cause of action for fraud/fraudulent misrepresentation. Appellee filed an Amended Answer and Counterclaim on December 15, 1998. The trial court scheduled the matter for jury trial on March 22, 1999. On January 26, 1999, appellants filed a Motion for Stay of Defendants [sic] Order Confirming Sale and Ordering Deed, requesting the order of sale be stayed. Via Entry dated February 12, 1999, the trial court denied appellants' motion for stay. The trial court filed its Entry Confirming Sale Ordering Deed and Distribution of Proceeds of Sale and Ordering Writ of Possession on February 19, 1999. On March 12, 1999, appellee filed a Motion to Dismiss, alleging appellants were not the real parties in interest and/or had no standing to raise the claims alleged in their Amended Complaint. Appellee argued the merger of the title of the real estate in his name extinguished any rights or claims appellants had in the property. The trial court granted appellee's Motion to Dismiss via Entry of Dismissal filed March 19, 1999. Subsequently, appellee dismissed his claims for civil assault and intentional infliction of emotional distress. It is from the trial court's March 19, 1999 Entry of Dismissal appellants appeal, raising the following assignments of error:
 I. THE TRIAL COURT ERRED BY DEPRIVING THE PLAINTIFF'S OF ANY RIGHT TO JUSTICE ON WRONGS THAT THEY ALLEGED AGAINST THE DEFENDANT.
 II. THE TRIAL COURT ERRED WHEN IT GRANTED THE DEFENDANTS [SIC] MOTION TO DISMISS, APPARENTLY ON THE FACT THAT THE PLANTIFF'S [SIC] WERE NOT THE REAL PARTIES IN INTEREST AND HAD NO STANDING TO LITIGATE THIS CASE.
 III. THE TRIAL COURT ERRED IN IT'S REFUSAL TO STAY THE EFFECT OF THE INTROLOCUTORY DECREE ORDERING CONFIRMATION OF SALE AND DEED AND FORECLOSURE ASPECTS OF THIS CASE.
 I, II
Because appellants' first and second assignments of error relate to the propriety of the trial court's granting of appellee's motion to dismiss, we shall address said assignments together. In their first assignment of error, appellants maintain the trial court erred in depriving them of any redress for the wrongs they have suffered as a result of appellee's actions. In their second assignments of error, appellants contend the trial court erred in granting appellee's motion to dismiss. In reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss, we must independently review the complaint to determine if dismissal was appropriate. Rich v. Erie County Dept. Of Human Resources (1995),106 Ohio App.3d 88, 91. We need not defer to the trial court's decision. Id. In Rich, the Sixth District Court of Appeals described when a Civ.R. 12(B)(6) motion may be granted: In order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (Citations omitted.) * * * [W]e must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. Id., citing York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143,144.
Upon our review of appellant's Amended Complaint, we find it alleges facts sufficient to support their three causes of action. In his Motion to Dismiss and in his Brief to this Court, appellee asserts appellants are not the real parties in interest and/or have no standing to raise the claims alleged in their Amended Complaint because appellants no longer have an interest in the real property. Appellants' amended complaint sets forth three causes of action. Appellant's first claim alleges appellee performed his work carelessly and negligently, and in an unworkmanlike manner. Appellants' second cause of action alleges a violation of the Ohio Consumer Sales Practices Act. The final cause action sets forth a fraud/fraudulent misrepresentation claim. Although the foreclosure action and subsequent sale of the property extinguished appellants' interests/rights in said property, we find such did not extinguish appellants' claims for defective work, violations of the Ohio Consumer Sales Practices Act, and fraud, which are independent of any interest/right in the property. Because the claims set forth in appellant's Amended Complaint are independent, we find the trial court erred in granting appellee's Motion to Dismiss. Appellants' first and second assignments of error are sustained.
 III
In their third assignment of error, appellants assert the trial court erred in denying their stay of execution of the order confirming the sale. Because appellants failed to appeal the decree of foreclosure, and the property has been sold and the sale confirmed, we overrule this assignment of error as moot.
The judgment of the Perry County Court of Common Pleas is reversed and the matter remanded for further proceedings in accordance with this opinion and the law.
By: Hoffman, P.J. Farmer, J. and Edwards, J concurs.