[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, Joyce A. Sherrod, appeals the judgment of the Hamilton County Court of Common Pleas dismissing her intentional tort claim against defendant-appellee, Children's Hospital Medical Center, Inc. For the following reasons, we affirm the trial court's judgment.
In March 1999, Sherrod filed a complaint against her employer, Children's Hospital. She alleged that a co-worker, Kamyar Zahedi, had engaged in a pattern of threats that culminated in a physical assault against her.[1] Sherrod alleged that the hospital's knowledge of Zahedi's violent tendencies, coupled with its failure to protect her from physical assault, gave rise to liability for an intentional-tort. The trial court dismissed Sherrod's claim, and the instant appeal followed.
In her sole assignment of error, Sherrod contends that the trial court erred in dismissing the intentional-tort claim. We find no error in the trial court's judgment.
When construing a motion to dismiss for failure to state a claim, a court must accept the complaint's factual allegations as true, and all reasonable inferences must be drawn in favor of the nonmoving party.[2] A complaint is to be dismissed by the court only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle her to relief.[3] In Magness v. Poellnitz,[4] we held that the trial court properly dismissed the plaintiff's intentional-tort claim based upon allegations that a co-worker had physically assaulted him. We held that a physical assault without provocation by an employee is a "clear departure from his employment" and that "an employer is not liable for independent self-serving acts of his employees which in no way facilitate or promote his business."[5]
We further noted that, in the absence of allegations that the employer had ratified the employer's assaultive conduct, the complaint was properly dismissed.[6]
We find the holding in Magness to be apposite to the case at bar. Here, Sherrod alleged that Zahedi committed an unprovoked physical assault. As was the case in Magness, the alleged assault did not in any way facilitate or promote the business of the hospital. Moreover, while there were allegations that the hospital had failed to take steps to prevent the assault, there were no allegations that it ratified or approved of Zahedi's conduct. Under these circumstances, the trial court correctly dismissed Sherrod's intentional-tort claim, and the sole assignment of error is accordingly overruled.
Therefore, the judgment of the trial court is affirmed.
WINKLER and SHANNON, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
HILDEBRANDT, Presiding Judge.
[1] Zahedi is not a party to this appeal.
[2] Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190, 192,532 N.E.2d 753, 756.
[3] York v. Ohio State Highway Patrol (1991), 60 Ohio St.3d 143,573 N.E.2d 1063.
[4] (Nov. 15, 1995), Hamilton App. No. C-941018, unreported.
[5] Id., quoting Byrd v. Faber (1991), 57 Ohio St.3d 56, 59,565 N.E.2d 584, 589.
[6] Magness, supra.