OPINION
{¶ 1} Plaintiff-appellant Georgetta Kinnison appeals from the October 11, 2002, Judgment Entry of the Richland County Court of Common Pleas dismissing her complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6).
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 15, 2002, appellant Georgetta Kinnison filed a complaint against appellees Advance Stores Company, Inc., which operates an Advance Auto Parts Store in Mansfield, Ohio, and Russell Pitts, the manager of such store. Appellant, in her complaint, specifically alleged, in relevant part, as follows:
 {¶ 3} "During the first week in March of 2002 Plaintiff was offered a job at the store referenced above by Defendant Pitts. She had completed all required paperwork to commence her employment and was looking forward to earning income to provide for herself and family.
 {¶ 4} "As part of Plaintiff's training, Defendant Pitts required Plaintiff to come to the subject store after hours (around 9:30 p.m.) so that she would be familiar with its operations prior to the start of her employment. Once there, Defendant Pitts commented that he wanted sexual favors of her and wanted her to engage in other acts of a sexual nature. Plaintiff informed Defendant Pitts that she was unwilling and was looking only to work at Advance Auto.
 {¶ 5} "Since this incident Defendants have not offered Plaintiff hours. Defendants have, however, sought the services of another individual for employment at the subject store following Plaintiff's rebuff."
 {¶ 6} Appellant, in her complaint, further alleged that appellees created a sexually hostile work environment in violation of R.C. 4112.01
et seq.
 {¶ 7} After appellees filed a motion to dismiss for failure to state a claim upon which relief can be granted, arguing, in part, that since appellant was never an employee, she could not sustain a hostile work environment sexual harassment claim, appellant, on September 6, 2002, filed an amended complaint. Appellant, in her amended complaint, asserted in the alternative that she had been subjected to quid pro quo sexual harassment in violation of R.C. 4112.01 et seq. Thereafter, on September 16, 2002, appellees filed a second motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). Appellees, in such motion, alleged that "the facts that Plaintiff [appellant] alleges, even taken as true, fail as a matter of law to state a claim for quid pro quo sexual harassment." Appellees specifically argued that appellant had failed to set forth facts "sufficient to suggest that her refusal to accept alleged advances resulted in her suffering a `tangible job detriment.'" On September 19, 2002, appellant filed a brief in opposition to appellees' motion to dismiss.
 {¶ 8} As memorialized in a Judgment Entry filed on October 11, 2002, the trial court granted appellees' motion to dismiss, holding that because appellant was never an employee of Advance Auto Parts, she "cannot suggest a tangible job detriment" and that, therefore, "she can state no quid pro quo sexual harassment claim against defendant."
 {¶ 9} It is from the trial court's October 11, 2002, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 10} "The trial court erred in dismissing the amended complaint as the allegations contained therein support a claim of quid pro quo sexual harassment."
 I {¶ 11} Appellant, in her sole assignment of error, argues that the trial court erred in granting appellees' motion to dismiss appellant's amended complaint for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). Appellant specifically contends that the allegations in her amended complaint support a claim of quid pro quo sexual harassment. We agree.
 {¶ 12} To dismiss a complaint for failure to state a claim upon which relief may be granted under Civ.R. 12(B)(6), it must be shown "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." York v. Ohio State Hwy.Patrol (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063. Appellate review of a Civ.R. 12(B)(6) dismissal is de novo. Hunt v. Marksman Prod. Div. ofS/R Industries, Inc. (1995), 101 Ohio App.3d 760, 656 N.E.2d 726. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party. Byrd v. Faber (1991), 57 Ohio St.3d 56, 60,565 N.E.2d 584.
 {¶ 13} As is stated above, appellant, in her amended complaint, alleged that the appellees' actions "constituted a form of sexual harassment under Chapter 4112 of the Revised Code more commonly known as quid pro quo." R.C. 4112.02(A) makes it an unlawful discriminatory practice "[f]or any employer, because of the * * * sex * * * of any person, to refuse to hire, or otherwise * * * to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." "A plaintiff may establish a violation of R.C. 4112.02(A)'s prohibition of discrimination `because of * * * sex' by proving either of two types of sexual harassment: (1) 'quid pro quo' harassment, i.e., harassment that is directly linked to the grant or denial of a tangible economic benefit, or (2) `hostile environment' harassment, i.e., harassment that, while not affecting economic benefits, has the purpose or effect of creating a hostile or abusive working environment." Hampel v. FoodIngredients Specialties, Inc., 89 Ohio St.3d 169, 176, 2000-Ohio-128,729 N.E.2d 726. Case law interpreting and applying Title VII of the Civil Rights Act of 1964, is generally applicable to cases involving R.C. Chapter 4112. See Ohio Civil Rights Comm'n. v. Ingram, 69 Ohio St.3d 89,95, 1994-Ohio-515, 630 N.E.2d 669.
 {¶ 14} In order to sustain a quid pro quo claim, a plaintiff must demonstrate (1) that the employee was a member of a protected class, (2) that the employee was subjected to unwelcome sexual harassment in the form of sexual advances or requests for sexual favors, (3) that the harassment complained of was based on gender, and (4) that the employee's submission to the unwelcome advances was an express or implied condition for receiving job benefits or that the employee's refusal to submit to the supervisor's sexual demands resulted in a tangible job detriment.Schmitz v. Bob Evans Farms, Inc. (1997), 120 Ohio App.3d 264, 269,697 N.E.2d 1037, citing Kauffman v. Allied Signal, Inc., Autolite Div. (C.A. 6, 1992), 970 F.2d 178, 185-186. In an action for quid pro quo harassment, an employer is strictly liable for conduct of its supervisory employee who has authority over hiring, advancement, etc. See, e.g., Hornv. Duke Homes (7th Cir. 1985), 755 F.2d 599, 604-5.
 {¶ 15} The trial court, in its October 11, 2002, Judgment Entry, granted appellee's motion to dismiss since appellant was not an employee of Advance Auto Parts at the time of the alleged harassment. However, as noted by the Ninth District Court of Appeals in Sheffield Village v. OhioCivil Rights Comm, Lorain App. No. (June 7, 2000), Lorain App. No. 99CA007283: "[g]enerally, quid pro quo claims involve individuals who, at the time of the asserted sexual demands, were employees The individual who is denied a job because he or she declined to submit to the sexual demands of the potential employer also has standing to bring a claim on a theory of quid pro quo harassment, however, because the denial of employment is an employment decision affecting the individual. See Ohio Admin Code 4112-5-05(J)(7)[1] . Because of this, status as an employee at the time the sexual demands are made is not necessarily a prerequisite to maintaining a cause of action for gender discrimination on the basis of quid pro quo harassment." Id at 6.
 {¶ 16} The United States District Court for the Eastern District of Pennsylvania considered the issue of whether an applicant for a job had failed to state a claim for hostile work environment or quid pro quo sexual harassment in Moore v. Pennsylvania Dept. of Military and VeteransAffairs (2002), 216 F. Supp.2d.446. In Moore, a woman applied for part-time employment with the Pennsylvania National Guard. A recruiter for the Guard, who interviewed the applicant, continued the interview at a tavern and after the applicant left the tavern, followed her outside of the same and sexually assaulted her.
 {¶ 17} The applicant then brought suit against the Pennsylvania National Guard and the Pennsylvania Department of Military and Veterans Affairs (PDMVA), alleging violations of Title VII[2]. After defendant PDMVA filed a motion to dismiss the applicant's Title VII claim, the court, in Moore, specifically held that the applicant had failed to state a claim for hostile work environment sexual harassment under Title VII since, because she was not an employee at the time of the alleged assault, she could not have been exposed to a hostile workplace. With respect to the claim of quid pro quo sexual harassment, the court, in Moore, held that neither the applicant's original complaint nor her proposed amended complaint alleged that the recruiter "explicitly or implicitly made sex a condition of her employment" or the "details of the claimed agency relationship." Id at 449. For the foregoing reasons, the court held that "the absence of these essential elements of a Title VII claim necessitates dismissal" of the complaint. Id. The court, in Moore, further indicated that it would grant the applicant leave to file an amended complaint "in conformity with this Memorandum if warranted by the facts." Id. In other words, the court in Moore indicated that a complaint would stand if it contained legitimate allegations that sex was an implicit condition of employment. The plaintiff did not need to allege that she had been an employee at the time of the harassment. Significantly, while the court held that the applicant did not state a claim for hostile work environment sexual harassment because she was not an employee, the court did not say that the applicant needed to be an employee with respect to her quid pro quo sexual harassment claim. Thus, pursuant to Moore, there is no requirement that an individual be an employee at the time of the alleged sexual demands in order to bring a quid pro quo sexual harassment claim.
 {¶ 18} Upon our review of appellant's complaint in the case sub judice, we find that, based on the foregoing, the trial court erred in dismissing the same for failure to state a claim upon which relief can be granted. Appellant, in her complaint, alleged that she was subjected to unwelcome sexual harassment in the form of requests for sexual favors from appellee Pitts, who was the store manager and who she alleges offered her a job, and that her refusal to submit to the same sexual demands resulted in a tangible job detriment (i.e. — that she was not hired). In short, we find that it has not been shown "beyond doubt that the plaintiff can prove no set of facts" in support of her claim which would entitle her to relief. See York, supra.
 {¶ 19} Based on the foregoing, appellant's sole assignment of error is sustained.
 {¶ 20} Accordingly, the judgment of the Richland County Court of Common Pleas is reversed and this matter is remanded to the trial court for further proceedings
By: Edwards, J., Gwin, P.J. and Farmer, J. concur.
[1] Such section states as follows:
"Other related practices. Where employment opportunities or benefits are granted because of an individual's submission to the employer's requests for sexual favors, the employer may be held liable for unlawful sex discrimination against other persons who were qualified for but denied that employment opportunity or benefit."
[2] The court, in Moore, noted that the applicant did not identify the Title VII theory on which she based her claim and, for such reason, considered the two types of Title VII claims which were arguably raised by the applicant's allegations-claims of hostile work environment and a quid pro quo claim of sexual harassment under Title VII.