{¶ 51} I respectfully dissent.
 {¶ 52} "[l]n order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear `beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" York v. Ohio State HighwayPatrol (1991), 60 Ohio St.3d 143, 144 (citations omitted). In the present case, the plaintiffs can prove no set of facts that would entitle them to the relief requested. Accordingly, the decision of the trial court should be affirmed.
 {¶ 53} Appellants seek, through mandamus, injunction, actual damages, a contempt order or other remedy, the reinstatement of Ralph Malloy, Thomas R. Watts, Jr., and Ashley Algiers to their employment with the City of Girard. Additionally, appellants seek the payment of $100,527.72 to Malloy, $99,767.70 to Watts, $98,958.28 to Algiers, and $32,642.35 to Marvin Sweitzer for back pay and lost benefits. The appellants claim they are entitled to such relief in accordance with the December 2002 Arbitration Award.
 {¶ 54} The December 2002 Arbitration Award, however, does not mandate that the City of Girard reinstate appellants or reimburse appellants for back pay and lost benefits. Rather, the December 2002 Arbitration Award provides as follows: "The grievance is arbitrable. The City violated Article 8, Section 5 of the Agreement when it made the determination to lay off full-time employees while maintaining the services of part-time employees. The City is directed to cease and desist from this procedure, and it is directed to lay off employees in accordance with Article 8, Section 5 of the Agreement." The arbitrator's award is completely silent regarding the reinstatement and reimbursement of the appellants.
 {¶ 55} The majority goes to great lengths to construe this language as requiring Girard to reinstate and reimburse the appellants. The majority's effort is unconvincing. When an arbitration award grants the reinstatement of employees with back pay and benefits, the award should expressly state that it is granting such relief in clear and unambiguous language. The order to "cease and desist" cannot reasonably be interpreted as an order to reinstate. The fact remains that the appellants have never been granted the relief to which they claim they are entitled. For this reason, the trial court properly granted the City of Girard's motion to dismiss.