OPINION
{¶ 1} Appellant Ohio Mutual Insurance Company ("Ohio Mutual") appeals the decision of the Mansfield Municipal Court that granted Appellee Jerry Harris Distributors, Inc.'s ("Harris") motion to dismiss. The following facts give rise to this appeal.
 {¶ 2} On December 8, 2000, Harris was filling Tammy Fry's fuel oil tank, at her residence, when it overflowed causing damage to her basement in the amount of $2,832.41. Ohio Mutual compensated Ms. Fry for the damage. Thereafter, on December 10, 2004, Ohio Mutual filed suit against Harris alleging breach of an oral contract. Specifically, the complaint provides that, Harris "* * * had a verbal contract with Plaintiffs (sic) [Ohio Mutual] insured to provide them heating oil at their residence which had been going on for thirteen years (13) and that * * * Harris breached this verbal contract to fill the tanks by improperly filling the oil tank causing an oil spill in the residence of the insured causing loss to the insured." (Emphasis sic.) Complaint, Dec. 10, 2004, at ¶ 4, ¶ 5.
 {¶ 3} Harris filed a motion to dismiss the complaint on February 10, 2005. On April 12, 2005, a magistrate granted the motion to dismiss concluding Ohio Mutual's case did not state a claim for breach of contract. Instead, the magistrate determined Ohio Mutual's complaint stated a claim for injury to personal property, which was barred by the applicable statute of limitations. Magistrate's Report, Apr. 12, 2005, at ¶ 3. The trial court adopted the magistrate's decision on July 24, 2006.
 {¶ 4} Ohio Mutual filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 5} "I. TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING DEFENDANT'S MOTION TO DISMISS WHEN THE COMPLAINT ON ITS FACE STATED A CAUSE OF ACTION FOR BREACH OF AN ORAL CONTRACT WHICH WAS TIMELY FILED."
 I {¶ 6} In its sole assignment of error, Ohio Mutual maintains the trial court erred when it granted the motion to dismiss because the complaint states a timely cause of action for breach of oral contract. We disagree.
 {¶ 7} In Hudson v. Roush (Dec. 9, 1996), Stark App. Nos. 1995CA00404, 1996CA00050, we addressed a case that set forth a similar legal argument in the context of a Civ.R. 12(B)(6) motion to dismiss. In doing so, we first explained the standard of review regarding a Civ.R. 12(B)(6) motion to dismiss as follows:
 {¶ 8} "In reviewing a judgment granting a Civ.R. 12(B)(6) motion to dismiss, we must independently review the complaint to determine if dismissal was appropriate. Rich v. Erie Dept. of Human Resources (1995),106 Ohio App.3d 88, 91, 665 N.E.2d 278. We need not defer to the trial court's decision. Id. The court, in the Rich case, further discussed when a Civ.R. 12(B)(6) motion may be granted:
 {¶ 9} " 'In order for a court to dismiss a complaint for failure to state a claim upon which relief may be granted, it must appear beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. [Citations omitted.] * * * We must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. Id., citingYork v. Ohio
 State Hwy. Patrol (1991), 60 Ohio St.3d 143, 144, 573 N.E.2d 1063.' "Hudson, supra, at 4.
 {¶ 10} Further, citing Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, we explained that, "* * * the cause of action contained in the complaint is not to be determined from the form of the pleading, but rather the gist of the complaint. Viock at 11." Hudson, supra, at 5. In the case sub judice, Ohio Mutual argues its complaint sets forth a claim for breach of contract because an oral contract existed whereby Harris agreed to fill Ms. Fry's fuel oil tank, in her residence, with heating oil. Ohio Mutual further alleges that Harris breached this oral agreement when it improperly filled the tank causing heating oil to spill into Ms. Fry's basement resulting in damage to her personal property.
 {¶ 11} Clearly, the gist of Ohio Mutual's complaint is that Ms. Fry suffered property damage when Harris negligently filled the fuel oil tank. Although Ms. Fry had an agreement, with Harris, to fill the tank at her residence, the damage she suffered at her residence did not result from a breach of Harris' oral agreement to fill the tank, but rather the manner in which Harris filled the tank thereby causing injury to Ms. Fry's property. As such, we agree with the trial court that Ohio Mutual's complaint sets forth a cause of action for property damage and not a breach of an oral agreement. Therefore, we conclude, as did the trial court, that Harris' claim is barred by the applicable statute of limitations.
 {¶ 12} Ohio Mutual's sole assignment of error is overruled.
 {¶ 13} For the foregoing reasons, the judgment of the Mansfield Municipal Court, Richland County, Ohio, is hereby affirmed.
Wise, J., Gwin, P. J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mansfield Municipal Court, Richland County, Ohio, is affirmed. Costs assessed to Ohio Mutual.