[Cite as *Timms v. Ohio State Hwy. Patrol*, 2011-Ohio-7071.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT R. TIMMS

    Plaintiff

    v.

OHIO STATE HIGHWAY PATROL

    Defendant

Case No. 2011-09756-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶1} Plaintiff, Robert Timms, alleged that his car was damaged as a result of negligence on the part of defendant, Ohio State Highway Patrol (OSHP). Specifically, plaintiff claimed that he was driving east on Interstate 470 on June 25, 2011, at approximately 11:00 a.m. when a highway patrol car "with flashing lights, passed me by going between my car and the guardrail. He did not have his siren on. Debris and gravel hit the side of my car cracking the window on the front passenger side of the car." In his complaint, plaintiff requested damages in the amount of $515.88, the cost to replace the passenger side window. The $25.00 filing fee was paid.

{¶2} Defendant denied liability contending the OSHP is entitled to immunity because the damage to plaintiff's car occurred while the trooper was operating a motor vehicle in response to an emergency call. Defendant explained that Trooper Gary Wright was in pursuit of two speeding vehicles which were being driven in excess of twenty miles over the posted speed limit on I-470. According to the trooper's affidavit, he approached plaintiff's car from behind with his emergency lights activated; plaintiff failed to yield the right of way; and since there was another vehicle in the left lane, the

trooper was forced to travel onto the berm in order to pass plaintiff's car and apprehend the other two speeding vehicles. Defendant maintained that when a patrol trooper is "responding to an emergency call, OSP is immune unless Plaintiff can demonstrate that [the trooper] engaged in willful or wanton misconduct."

{¶3} Plaintiff did not file a response.

{¶4} In *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 573 N.E.2d 1063, the Ohio Supreme Court determined that if an officer-employee of the State Highway Patrol inflicts injury upon an individual while the officer is operating a motor vehicle during an emergency, and that injury is the result of the officer's negligence, the agency is immune from liability pursuant to R.C. 2744.02.

{¶5} Later in *Baum v. Ohio State Hwy. Patrol*, 72 Ohio St.3d 469, 1995-Ohio-155, 650 N.E. 2d 1347, the Ohio Supreme Court recognized that, R.C. Chapter 2744, which is applicable only to political subdivisions, is not applicable to the State Highway Patrol as an agency of the state of Ohio. The Court noted that the "state" as defined in both R.C. 2743.01(A) and 2744.01(H) does not include "political subdivisions." Nevertheless, the Ohio Supreme Court extended the immunity provided to county, city, and township police officers by R.C. 2744.02(B)(1)(a) to the Ohio State Highway Patrol.[1]

{¶6} Thus, the Ohio Supreme Court held in *Baum* that in the absence of willful or wanton misconduct, the State Highway Patrol is immune from liability for injuries caused by a patrol officer in the operation of his vehicle while responding to an emergency call.

{¶7} In the instant case, it is undisputed that Trooper Wright was operating a motor vehicle within the course and scope of his employment at the time that plaintiff's property damage occurred. In addition, the trier of facts finds that Trooper Wright was responding to an emergency call. See *Smith v. McBride*, Franklin App. No. 09AP-571, 2010-Ohio-1222 ("a call to duty involves a situation to which a response by a peace

---

[1] R.C. 2744.02(B)(1) provides in relevant part as follows:

"(1) Except as otherwise provided in this division, political subdivisions are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees [upon the public roads, highways, or streets] when the employees are engaged within the scope of their employment and authority. The following are full defenses to that liability:

"(a) A member of a municipal corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not

officer is required by the officer's professional obligation. *Colbert v. City of Cleveland*, 99 Ohio St.3d 215, 2003-Ohio-3319, syllabus.")

{¶8}   The Tenth District Court of Appeals has held that wanton and willful misconduct can be found when there is evidence of utter disregard for the rights of others resulting in serious harm to their health or property.  See *Blair v. Columbus Div. of Fire*, Franklin  App. No. 10AP-575, 2011-Ohio-3648.   Wilful misconduct involves intentional or deliberate acts performed "with knowledge or appreciation of the likelihood of resulting injury."  *Robertson v. Dept. of Public Safety*, Franklin App. No. 06AP-1064, 2007-Ohio-5080, ¶14 quoting *Tighe v. Diamond* (1948), 149 Ohio St. 520, 527, 37 O.O. 243, 80 N.E.2d 122.  In this matter, Trooper Wright averred that his path was blocked by two vehicles traveling side by side and that plaintiff failed to yield the right of way.  In addition, he stated that when he drove onto the berm to get past plaintiff's vehicle and apprehend the two speeders, he did not see gravel or debris on the berm and he did not hear gravel or debris being propelled toward plaintiff's car.

{¶9}   Upon review of the evidence presented in the file, the trier of facts finds that even assuming Trooper Wright acted negligently when he drove around plaintiff's vehicle by accessing the berm, plaintiff failed to prove defendant's employee acted in a reckless manner with utter disregard for the safety of others so as to constitute wilful or wanton misconduct.  Accordingly, defendant is not liable to plaintiff for the damaged window.

---

constitute willful or wanton misconduct[.]"



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROBERT R. TIMMS

Plaintiff

v.

OHIO STATE HIGHWAY PATROL

Defendant

Case No. 2011-09756-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Robert R. Timms
6412 Oakland Forest Drive
Meridian, Mississippi 39307

James V. Canepa
Chief Legal Counsel
Ohio Department of Public Safety
1970 West Broad Street, Suite 531
Columbus, Ohio 43223

SJM/laa
12/14

Filed 12/28/11
Sent to S.C. reporter 5/10/12