[Cite as *Wilson v. State*, 2012-Ohio-2092.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

|  |  |  |
|---|---|---|
| | : | |
| RICHARD WILSON | | |
|     Plaintiff-Appellant | : | C.A. CASE NO. 24608 |
| vs. | : | T.C. CASE NO. 2010-CV-9864 |
| | : | (Civil Appeal from Common |
| STATE OF OHIO | | Pleas Court) |
|     Defendant-Appellee | : | |

· · · · · · · · ·

O P I N I O N

Rendered on the 11th day of May, 2012.

· · · · · · · · ·

Richard Wilson, 81 Waterloo Road, Taunton, United Kingdom, TA218JQ
    Plaintiff-Appellant, Pro Se

Richard Coglianese, Atty. Reg. No. 0066830, Ohio Attorney General's Office, 30 E. Broad Street, 16th Floor, Columbus, OH 43215
    Attorney for Defendant-Appellee

· · · · · · · · ·

GRADY, P.J.:

{¶ 1}  Plaintiff, Richard Wilson, appeals from a final order overruling his objections to a magistrate's decision and dismissing his action against Defendant, the State of Ohio.

{¶ 2}  On December 17, 2010, Wilson commenced an action, alleging violations of Title 42 U.S. Code 1983.  In his complaint, Wilson stated: "Defendant is The State of Ohio,

representing the Common Pleas Court, acting for and on behalf of the State of Ohio, and other Defendants who may be named at a later date." (Dkt. 1.)

{¶ 3}   Wilson included a Statement of Case in his complaint that set forth a series of events that led to the filing of his lawsuit.   Wilson, a citizen of the United Kingdom, alleged that he was arrested at the Dayton International Airport in July of 2008 when he arrived to take his daughter on vacation and "to clean up a mess made by the original Judge in case # DR 2004 0458[.]"   According to Wilson, he was arrested at the airport for nonpayment of child support resulting from the proceedings in that case.   Wilson also alleged that "Judge Huffman" has since "issued a subsequent warrant for his arrest for absconding[.]" (Dkt. 1.)

{¶ 4}   Wilson alleged violations of 42 U.S.C. 1983 based on protections guaranteed to him by the First, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution.   He also referenced the "International Act of Reciprocal Enforcement of maintenance Order."   Wilson requested the following relief:

1. Issue injunctive relief commanding defendant to LISTEN and give explanation as to why it continues to be ignorant of the Laws Concerning this matter, due care and attention.

2. Dismiss all Criminal Proceedings against the Plaintiff, vacate existing absconder warrant against the Plaintiff, and issue declaratory relief as this court deems appropriate and just.

3. Issue other relief as this court deems appropriate and just.

4. Award the Plaintiff the sum of $1,500,000 in damages plus costs of litigation and travel.

{¶ 5} The State of Ohio filed a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, arguing that the State of Ohio is not a "person" within the meaning of Title 42 U.S.C. 1983 and cannot be subjected to liability under that Section. (Dkt. 9.) Wilson filed two memoranda in opposition to the State's motion.

{¶ 6} The trial court referred the matter to a magistrate. (Dkt. 14.) On March 9, 2011, the magistrate issued a decision, granting the State of Ohio's motion and dismissing the complaint with prejudice. (Dkt. 15.) Wilson filed objections to the magistrate's decision. (Dkt. 16, 18.) On April 1, 2011, the trial court adopted the magistrate's decision. Wilson filed a timely notice of appeal.

{¶ 7} On appeal, Wilson filed two different documents that are entitled "BRIEF." The first was filed on January 24, 2012, and second on January 30, 2012. Neither complies with App.R. 16, which requires, among other things, a statement of the assignments of error presented for review, a statement of the issues presented for review, a statement of the case, and a statement of facts.

{¶ 8} In both "BRIEFS" filed with this Court, Wilson references an "International Law" or an "International Treaty." Presumably, Wilson refers to the "International Act of Reciprocal Enforcement of Maintenance Order" referenced in his complaint. Regardless, Wilson's vague references and lack of coherent argument relating to the International Law or Treaty are insufficient to inform us of an assignment of error for us to decide.

{¶ 9} In his January 30, 2012 "BRIEF," Wilson states, in part, that "[h]is Title 42 rights under USC have been violated[.]" We will construe this statement as Wilson's sole

assignment of error: that the trial court erred in dismissing his claim under 42 U.S.C. 1983.

{¶ 10} We review de novo a trial court's grant of a Civ.R. 12(B)(6) motion to dismiss. *Perrysburg Twp. v. City of Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. In order for a court to dismiss a complaint pursuant to Civ.R. 12(B)(6) for failure to state claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144, 573 N.E.2d 1063 (1991). The court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the moving party. *Id.* In resolving a Civ.R. 12(B)(6) motion, a court is confined to the averments set forth in the complaint. *State ex rel. Alford v. Willoughby Civ. Serv. Comm.*, 58 Ohio St.2d 221, 223, 390 N.E.2d 782 (1979).

{¶ 11} Wilson sued the State of Ohio pursuant to 42 U.S.C. 1983, which provides, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State * * * subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress * * * .

{¶ 12} The magistrate granted the State of Ohio's motion to dismiss pursuant to Civ.R. 12(B)(6) based on the United States Supreme Court's decision in *Will v. Michigan Dept. of State Police*, 419 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In *Will*, the

Supreme Court held that neither a State nor its officials acting in their official capacities are "persons" under 42 U.S.C. 1983. *Id.* at 71.

{¶ 13} We agree that the decision in *Will* required dismissal of Wilson's action against the State of Ohio, because a State is not a "person" within the meaning of 42 U.S.C. 1983. We note that the Supreme Court has since held that state officials sued in their individual capacities are persons for purposes of Section 1983. *Hafer v. Melo*, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). However, Wilson did not sue any state officials in their individual capacities. Rather, Wilson only named one defendant in his complaint, the State of Ohio.

{¶ 14} We note that in its judgment of April 1, 2011 (Dkt. 19], the trial court determined that no error of law exists on the face of the magistrate's decision and adopted the decision on that basis. The court did not overrule the objections to that decision that Wilson filed. Civ.R. 53(D)(4)(d) provides: "If one or more objections to a magistrate's decision are filed, the court <u>shall</u> rule on those objections." (Emphasis supplied.) The trial court erred when it instead simply adopted the magistrate's decision. However, because it is clear that, as a matter of law, Wilson is not entitled to relief in the action he commenced pursuant to 42 U.S.C. Section 1983, the court's error is harmless, because it did not affect Wilson's substantial rights. Civ.R. 61. Because a party is not prejudiced by harmless error, it is properly disregarded by an appellate court.

{¶ 15} The assignment of error is overruled. The judgment of the trial court will be affirmed.

FAIN, J., And DONOVAN, J., concur.

Copies mailed to:

Richard Wilson
Richard Coglianese, Esq.
Hon. Steven K. Dankof

**Copies mailed to:**

**Richard Wilson**
**81 Waterloo Road**
**Taunton**
**United Kingdom, TA218JQ**

**Richard Coglianese, Esq.**
**Ohio Attorney General's Office**
**30 E. Broad Street, 16th Floor**
**Columbus, OH 43215**

**Hon. Steven J. Dankof**