JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Steve A. Penson sued Marc D. Mezibov, Christian A. Jenkins, and Sirkin, Pinales, Mezibov Schwartz, LLP, ("the defendants") for legal malpractice. The trial court granted the defendants' motion to dismiss Penson's complaint pursuant to Civ.R. 12(B)(6). Penson now appeals. In a single assignment of error, Penson argues that the trial court erred by granting the defendants' motion. We overrule the assignment of error and affirm the judgment of the trial court.
In order for a complaint to be dismissed pursuant to Civ.R. 12(B)(6), "it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery."[1] Furthermore, "in construing a complaint upon a motion to dismiss for failure to state a claim, we must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the non-moving party."[2] "As long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.[3]
To set forth a cause of action for legal malpractice, a plaintiff must demonstrate the following: (1) an attorney-client relationship giving rise to a duty; (2) a breach of that duty; and (3) damages proximately caused by the breach.[4] In this case, Penson attached to his legal-malpractice complaint copies of correspondence from the defendants' office. Penson's father had engaged the defendants to investigate Penson's potential claims against a correctional facility for injuries suffered during Penson's incarceration. To that end, the defendants agreed to have a medical expert review Penson's medical records. Following their investigation, the defendants notified Penson's father by letter that, following a review of the medical records, two experts had concluded that it was "impossible to say that [Penson's] injuries could have been avoided through better medical care." The defendants further stated that Penson had one year from the date of his injuries to file an action seeking damages and explained that other legal counsel should be sought immediately in order to pursue such an action.
In his complaint, Penson claimed that the defendants were negligent (1) in failing to inform him that he could extend the medical-malpractice statute of limitations by 180 days; (2) by providing incomplete information as to the expiration of the applicable statute of limitations; and (3) by stating that it would be "impossible" for Penson to establish a claim against the correctional facility.
Initially, we note that the defendants' termination letter complied with DR 2-110, which requires a lawyer to give due notice to his client upon withdrawal from representation, allowing time for the employment of other counsel and delivering to the client any paperwork to which the client is entitled.[5] Furthermore, the defendants had determined that they would not pursue any claims on Penson's behalf following the medical experts' consensus that his injuries would not have been avoided by better medical care. The defendants' opinion about the merits of Penson's claims, which was based upon the medical experts' conclusions, cannot be the basis for a legal-malpractice claim. If Penson had disagreed with the defendants' assessment, Penson could have sought other legal advice, as recommended by the defendants.
Moreover, this was not a case in which a client was led to believe that he had a greater amount of time to pursue his claim. In this case, the defendants' advice about the applicable statute of limitations, even if incomplete or erroneous, would have tended to cause Penson to expedite his pursuit of a claim if he did not agree with the defendants' assessment. Therefore, Penson failed to show that the defendants' advice was the proximate cause of his alleged loss.
Accordingly, we hold that the trial court properly granted the defendants' motion to dismiss. We overrule the assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Winkler, P.J., Gorman and Sundermann, JJ.
[1] O'Brien v. Univ. Community Tenants Union, Inc. (1975),42 Ohio St.2d 242, 327 N.E.2d 753, syllabus.
[2] Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192, 532 N.E.2d 753.
[3] York v. Ohio State Hwy. Patrol (1991), 60 Ohio St.3d 143,144-145, 573 N.E.2d 1063.
[4] See Krahn v. Kinney (1989), 43 Ohio St.3d 103, 105,538 N.E.2d 1058; Vahila v. Hall, 77 Ohio St.3d 421, 1997-Ohio-259,674 N.E.2d 1164, syllabus.
[5] See DR 2-110(A)(2).