JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, QualChoice, Inc., appeals from a judgment on the pleadings issued to defendant-appellee, State Auto Insurance Company. QualChoice filed suit against State Auto seeking subrogation of medical payments it made to State Auto's insured, Sandra Berger, after she was injured in an automobile accident. State Auto sought judgment on the pleadings pursuant to Civ. R. 10(D)(1), arguing that QualChoice failed to demonstrate its contractual right to subrogation by attaching to the complaint a copy of its health insurance policy with Berger. QualChoice complains that the court erred by granting judgment on the pleadings because State Auto did not first file a motion for a more definite statement as required by Civ. R. 12(E). We agree that the court erred by granting judgment on the pleadings, so we reverse and remand.
 I {¶ 2} QualChoice first argues that the court erred by granting judgment on the pleadings due to QualChoice's failure to attach a copy of its health insurance policy with Berger.
 {¶ 3} Civ. R. 10(D)(1) states:
 {¶ 4} "When any claim or defense is founded on an account or other written instrument, a copy of the account or written instrument must be *Page 4 
attached to the pleading. If the account or written instrument is not attached, the reason for the omission must be stated in the pleading."
 {¶ 5} In Fletcher v. Univ. Hosp. of Cleveland, 120 Ohio St.3d 167,2008-Ohio-5379, the supreme court recently discussed the differences between Civ. R. 10(D)(1) and (2)[1] and stated:
 {¶ 6} "Because there is no language in Civ. R. 10(D)(1) that the account or written instrument is required to establish the adequacy of the complaint, any failure to attach the required copies is properly addressed by a motion for a more definite statement under Civ. R. 12(E). In short, a party can still plead a prima facie case in such circumstances even without attaching the account or written agreement to the complaint. Thus, the complaint will survive a motion to dismiss for failure to state a claim. Point Rental Co. v. Posani (1976),52 Ohio App.2d 183, 185-186, 6 O.O.3d 171, 368 N.E.2d 1267." Id. at ¶ 11.
 {¶ 7} State Auto did not file a motion for a more definite statement under Civ. R. 12(E). Consistent with Fletcher, we find the court erred by granting judgment on the pleadings due to QualChoice's failure to attach a copy of the insurance policy to its complaint.
 II *Page 5 {¶ 8} State Auto maintains that the court may alternatively have granted summary judgment to it, and urges us to affirm the court's judgment on that basis. State Auto styled its dispositive motion as a "motion for judgment on the pleadings and brief in support." The body of the motion requested summary judgment on grounds that QualChoice's failure to respond to a request for admissions meant that those admissions were deemed admitted, and that those admissions showed there were no issues of material fact and State Auto was entitled to judgment as a matter of law. QualChoice argues that the request for admissions cannot be deemed admitted because it did not receive an electronic copy and therefore was never properly served.
 {¶ 9} It does not appear that the court intended to grant summary judgment as argued by State Auto. The court speaks through its journal.Gaskins v. Shiplevy, 76 Ohio St.3d 380, 382, 1996-Ohio-387. "A reviewing court must examine the entire journal entry and the proceedings below where necessary to ascertain the precise basis of a lower court's judgment." State ex rel. Midwest Pride IV, Inc. v. Pontious,75 Ohio St.3d 565, 569, 1996-Ohio-459, citing Joyce v. Gen. Motors Corp. (1990),49 Ohio St.3d 93, 95.
 {¶ 10} The court's judgment entry states:
 {¶ 11} "Plaintiffs motion for summary judgment, filed 2/1/08, is denied. Plaintiffs motion to strike the request for admissions, filed 2/11/08, is denied. *Page 6 
Defendant State Auto Insurance Co.'s motion for judgment on the pleading [sic], filed 2/1/08, is granted. Final."
 {¶ 12} There is no language purporting to grant sumary judgment. The absence of any language referencing summary judgment is telling because the court denied QualChoice's cross-motion for summary judgment. The issue of summary judgment had been joined by State Auto in its motion for judgment on the pleadings, so if the court intended to base its judgment on Civ. R. 56, it could have so stated. Absent an affirmative basis for concluding that the court intended to grant State Auto's motion for summary judgment, we are constrained to construe the court's judgment entry as being based solely on its stated ground of judgment on the pleadings. We therefore sustain QualChoice's assignments of error.
 {¶ 13} This cause is reversed and remanded for proceedings consistent with this opinion.
It is therefore ordered that said appellant recover of said appellee its costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 7 
CHRISTINE T. McMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Civ. R. 10(D)(2) requires that every complaint containing a medical claim as defined in R.C. 2305.113 must be accompanied by an affidavit of merit from a qualified expert which, among other things, states the expert's opinion that the defendant breached the applicable standard of care. *Page 1