FRANK D. CELEBREZZE, JR., J.:
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
{¶ 2} Appellant, Spit Shine A One Detailer, L.L.C.[1] ("Spit Shine"), appeals the *1233 dismissal of its complaint against appellees, Rick Case Honda ("R.C. Honda"), Rick Case Hyundai ("R.C. Hyundai"), and Rick Case Automotive ("R.C.A."). Spit Shine argues that its breach of contract and fraudulent representation actions were improperly dismissed pursuant to Civ.R. 12(B)(6). After a thorough review of the record and law, this court affirms.
I. Factual and Procedural History
{¶ 3} Given the summary nature of the proceedings below, the factual basis for the suit is vague. From the complaints filed in this case, it can be gleaned that Spit Shine alleges that it performed vehicle detailing services for two car dealerships, R.C. Honda and R.C. Hyundai. The complaints assert that Spit Shine entered into exclusive contracts with these two entities for car detailing services, but only attached a contract between R.C. Honda and "A One Detailers" to its first and second amended complaints. The contract does not set forth any terms for exclusivity. The complaints allege that Spit Shine, R.C. Honda, and R.C. Hyundai established a business relationship in 2011 where Spit Shine was the sole cleaning and detailing company used by the dealerships. In 2014, R.C. Honda stopped using Spit Shine for detailing services. In 2015, Spit Shine was no longer used for detailing services at either dealership, but it never received written notice of cancellation of the contracts, which required 30 days written notice.
{¶ 4} Spit Shine filed suit on September 2, 2016. Its initial complaint failed to attach any written agreement to it, and rather than answer, appellees filed a motion to dismiss or, in the alternative, for a more definite statement. Days later, Spit Shine filed its first amended complaint to which it attached the aforementioned 2013 contract. The trial court granted in part appellees' motions by ordering Spit Shine to file a second amended complaint clarifying paragraphs of the complaint that failed to distinguish between defendants, and that generally grouped all defendants together without distinguishing what each defendant allegedly did.
{¶ 5} Spit Shine filed a second amended complaint, and appellees filed another motion to dismiss. The trial court granted the motion to dismiss, finding [t]he complaint fails to state a claim upon which relief may be granted under Ohio law. The plaintiff instituting suit is named in the complaint's caption, "Spit Shine A One Detailer, LLC." Plaintiff's complaint alleges a breach of a contract. This contract on its face is between Milton Hall and Rick Case Honda. The complaint does not assert that Milton Hall is the same entity as the complaint's Spit Shine A One Detailer, LLC; and, it does not explain the relationship between those two legal persons such as, e.g., a successor-in-interest or "dba" entity. The plaintiff introduces unnecessary confusion on the issue of plaintiff's identity when it puts Spit Shine A One Detailer, LLC as the name of the plaintiff in the caption and in the introductory paragraph of the complaint which implies plaintiff is a corporate entity but then in paragraph one (1) alleges "Spit Shine A One Detailers is an individual * * *" the court assumes the latter paragraph of the complaint was not intended literally. Still the complaint does not allege the basis for the named plaintiff in the caption to have contract rights as against any party and it does not allege the basis for the named plaintiff to be entitled to bring a fraudulent representation action against the defendants. On this ground alone-as the analysis below further explains, the motion to dismiss under Civ.R. 12(b)(6) must be granted and the complaint dismissed.
The complaint fails to identify and attach a copy of the parties' alleged *1234 contract. The contract attached is not identified as the contract alleged to have been breached by any defendant; it is not identified as the contract in force at the time of the breach of contract by any defendant. It is described merely as "a version" of the pertinent contract. The complaint alleges only that the contractual relationship commenced in 2011 and suit is now brought some five years later.
No further allegations in the complaint make the content of the attached contract relevant to the content of the contract alleged to have been breached; no further allegations in the complaint describe the content of the contract at issue, that is, the contract alleged to have existed between the parties which was alleged to have been breached.
There is no allegation in the complaint as to the contents of the subject contract (particularly to obligations of the respective parties and any significant terms thereof) or as to any other parties thereto. There is no way of knowing if the contract sued upon by the plaintiff bears any similarity to the contract annexed to the complaint.
Due to these failures, the motion to dismiss the complaint's count one must be granted under Civ.R. 12(b)(6).
Parties who do not have a copy of the contract sued upon are permitted to explain their failure to attach a copy of the contract sued upon to their complaint pursuant to Civ.R. 10(d). Plaintiff does not provide such explanation. On the latter basis alone, the motion to dismiss the complaint's count one must be granted under Civ.R. 12(b)(6).
Additionally, the complaint does not contain allegations to hold defendant Rick Case Automotive Group liable and contains no allegations that would make defendant Rick Case Automotive Group liable for the conduct of its co-defendants even though the complaint alleges those two co-defendants are subsidiaries of Rick Case Automotive Group. This alone is a basis to dismiss the entire complaint under Civ.R. 12(b)(6) against defendant Rick Case Automotive Group.
The motion to dismiss must likewise be granted as to the complaint's count two on fraudulent misrepresentation. Basically this count only states that defendants' "representatives" made a statement that was disproved by later events. Plaintiff does not allege the relationship facts that would turn lies or misleading statements into actionable misstatements. For example, the complaint does not allege the "representatives" were agents or servants of defendants; it does not allege defendants or their representatives had such a relationship with plaintiff that plaintiff was entitled to rely thereon and the "representatives" were obligated to avoid misleading one in plaintiff's position. These conclusions would not necessarily change even if the complaint squarely alleged a specific contract among the parties.
The foregoing does not analyze the ability of the plaintiff to sue for fraudulent misrepresentation in the presence of a written contract. Legal defenses such as the parole evidence rule may preclude such a claim. The complaint does not specify the terms of the subject contract and therefore such analysis is inappropriate under this motion. On November 21, 2016, the court provided the plaintiff with an opportunity to amend Count Two (2) to satisfy the particularity requirement of Civ.R. 9 and ordered plaintiff to file an amended complaint. In the complaint (filed after said order) plaintiff failed to describe the exact content of the parties' contract, identify the contractual relationship between plaintiff and each defendant, and specify the ways in which the fraud was committed.
*1235 As a result the motion to dismiss count two of the complaint under Civ.R. 12(b)(6) is granted.
{¶ 6} Spit Shine then appealed raising one error for review:
1. The lower court abused its discretion when it granted the appellee's [sic] motion to dismiss.
II. Law and Analysis
A. Failure to State a Claim
{¶ 7} Spit Shine argues the trial court abused its discretion when it granted appellees' motion to dismiss.
{¶ 8} First, this court must note that it reviews a Civ.R. 12(B)(6) dismissal de novo, not for an abuse of discretion as Spit Shine's assignment of error indicates. Under this standard of review, we must independently review the record and afford no deference to the trial court's decision. Herakovic v. Catholic Diocese of Cleveland , 8th Dist. Cuyahoga No. 85467, 2005-Ohio-5985, 2005 WL 3007145, ¶ 13. Pursuant to Civ.R. 12(B)(6), a complaint is not subject to dismissal for failure to state a claim upon which relief may be granted unless it appears beyond doubt that the plaintiff can prove no plausible set of facts in support of his or her claim that would entitle the plaintiff to relief. Doe v. Archdiocese of Cincinnati , 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11, citing O'Brien v. Univ. Community Tenants Union, Inc. , 42 Ohio St.2d 242, 327 N.E.2d 753 (1975). Therefore, "[a]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." York v. Ohio State Hwy. Patrol , 60 Ohio St.3d 143, 145, 573 N.E.2d 1063 (1991).
{¶ 9} This review is limited to the complaint and any documents attached thereto. Glazer v. Chase Home Fin. L.L.C. , 8th Dist. Cuyahoga Nos. 99736 and 99875, 2013-Ohio-5589, 2013 WL 7869273, ¶ 38, citing NCS Healthcare, Inc. v. Candlewood Partners, L.L.C. , 160 Ohio App.3d 421, 2005-Ohio-1669, 827 N.E.2d 797 (8th Dist.). This court must take all factual allegations made in the complaint as true. Powers v. Green Tree Servicing, L.L.C. , 8th Dist. Cuyahoga No. 102753, 2015-Ohio-3355, 2015 WL 4987744, ¶ 7.
1. Breach of Contract
{¶ 10} The complaint alleges that "Spit Shine A One Detailers" entered into a contract with R.C. Honda and R.C. Hyundai. However, the contract attached to the complaint was between R.C. Honda and "A One Detailers."[2] An "M. A. Hall" signed the contract on behalf of "A One Detailers." There is nothing in the complaint to explain who or what "A One Detailers" is or who "M. A. Hall" is. Further, there is nothing explaining a relationship between Spit Shine and the contracting parties. The first paragraph of the complaint indicates that Spit Shine "is an individual who resides in the County of Cuyahoga, State of Ohio" and lists a Cleveland Heights address. The trial court faulted Spit Shine's failure to properly identify the parties in the case and the link between them and the parties that entered into the contract attached to the complaint. Further, the trial court incorrectly found that the failure to attach the agreement was reason enough for dismissal.
{¶ 11} Ohio is a notice pleading state, but a claim for breach of contract generally must include the contract under *1236 which the claim arises. Civ.R. 10(D). This rule provides that "[w]hen any claim * * * is founded on an account or other written instrument, a copy of the account or written instrument must be attached to the pleading." However, a motion to dismiss is not the proper avenue for challenging the failure to attach a written instrument to a complaint. Sylvester Summers, Jr. Co., L.P.A. v. E. Cleveland , 8th Dist. Cuyahoga No. 98227, 2013-Ohio-1339, 2013 WL 1384892, ¶ 31, citing Castle Hill Holdings, L.L.C. v. Al Hut, Inc. , 8th Dist. Cuyahoga No. 86442, 2006-Ohio-1353, 2006 WL 726911, ¶ 26. Civ.R. 12(E) is available in such an instance to request a more definite statement. Spit Shine does not argue or mention the inherent conflict between Civ.R. 10(D) or 12(E). Nor does Spit Shine argue that it is inappropriate to dismiss an action premised on Civ.R. 10(D). See Fletcher v. Univ. Hosps. of Cleveland , 120 Ohio St.3d 167, 2008-Ohio-5379, 897 N.E.2d 147.
{¶ 12} A complaint should not be dismissed for a failure to attach a written instrument pursuant to Civ.R. 10(D). Qualchoice, Inc. v. John Doe Ins. Co. , 8th Dist. Cuyahoga No. 91309, 2009-Ohio-351, 2009 WL 205864, ¶ 5-6 ; McCamon-Hunt Ins. Agency, Inc. v. Med. Mut. of Ohio , 7th Dist. Mahoning No. 02 CA 23, 2003-Ohio-1221, 2003 WL 1193812, ¶ 1. ("The failure to provide that document is a violation of Civ.R. 10(D), however, it is not a basis for relief under Civ.R. 12(B)(6)."); Natl. Check Bur. v. Buerger , 9th Dist. Lorain No. 06CA008882, 2006-Ohio-6673, 2006 WL 3702638, ¶ 12. A motion for a more definite statement is the appropriate means to address such an issue.[3] Castle Hill Holdings , citing Point Rental Co. v. Posani , 52 Ohio App.2d 183, 186, 368 N.E.2d 1267 (10th Dist.1976). Where that results in noncompliance with the court's order by failure to attach the document or explain why it was not attached, the court could possibly dismiss the case pursuant to Civ.R. 41 as a sanction. Buerger at ¶ 14. The failure to attach a writing does not, in itself, render a claim subject to dismissal for failure to state a claim under Civ.R. 12(B)(6). Id. Further, where a writing is attached, it is only where the writing precludes recovery when a complaint should be dismissed pursuant to Civ.R. 12(B)(6). Buerger at ¶ 14.
{¶ 13} Spit Shine's second amended complaints indicate that it entered into contracts with appellees, an example of which was attached to the complaints. There was no explanation of the relationship of the parties named in the contract to the parties in the complaint. Spit Shine relies on the contract it attached to the complaint but fails to allege how "Spit Shine A One Detailers, LLC" is entitled to relief based on the attached agreement. The failure to link itself to the contracting parties in even the most basic terms leads to the conclusion that Spit Shine cannot rely on the contract attached to the complaint to assert a claim. This also leads to a lack of standing to enforce the agreement attached to the complaint. A lack of standing is appropriately raised under Civ.R. 12(B)(6). Brown v. Columbus City Schools Bd. of Edn. , 10th Dist. Franklin No. 08AP-1067, 2009-Ohio-3230, 2009 WL 1911904, ¶ 4 ; State ex rel. Cty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co. , 8th Dist. Cuyahoga No. 104157, 2017-Ohio-7727, 2017 WL 4177024, ¶ 6.
{¶ 14} Even if we consider the contract, the claims in the complaint fail for the reason that the contract has no provision for exclusivity or otherwise indicates that it is a requirements contract. The complaint *1237 alleges that R.C. Honda and R.C. Hyundai, over a period of time, stopped using Spit Shine for detailing services without providing written notice. The contract attached to the complaint demonstrates that there is no viable claim against R.C. Honda, R.C. Hyundai, and R.C.A. for breach of contract.
{¶ 15} Therefore, the trial court did not err in granting appellees' motion to dismiss the breach of contract claim.
2. Fraudulent Representation
{¶ 16} Spit Shine's claim for fraudulent misrepresentation constitutes a fraud claim that must be pled with particularity. Glazer , 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5589, 2013 WL 7869273, at ¶ 83. Civ.R. 9(B) provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."
{¶ 17} To establish a claim of fraudulent representation or concealment, a plaintiff must establish the following:
"(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it, (e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance."
Groob v. KeyBank , 108 Ohio St.3d 348, 357, 2006-Ohio-1189, 843 N.E.2d 1170, ¶ 47, quoting Gaines v. Preterm-Cleveland, Inc. , 33 Ohio St.3d 54, 55, 514 N.E.2d 709 (1987).
{¶ 18} Here, Spit Shine alleged in its complaints that it entered into contractual relationships after being told by unspecified representatives that the contracts were exclusive: "The Defendants, [R.C.] Hyundai and [R.C.] Honda by and through its representatives told the Plaintiff that the Contract was exclusive and the Plaintiff would perform all the contracted services for the [R.C.] Hyundai and [R.C.] Honda."
{¶ 19} The above provides a representation material to the transaction, but does not state the allegation with particularity. There is no way by which the appellees can identify when such a statement was alleged to have been made. This is because Spit Shine alleged that the parties entered into several agreements over the years.
{¶ 20} A plaintiff's duty to offer specifics when pleading a fraud claim must be balanced with the overarching goals of Ohio's notice pleading requirements: In this regard, we find the general propositions developed by the Second Circuit to be quite helpful in assessing the adequacy of a complaint sounding in fraud for purposes of Civ.R. 12(B)(6). The federal appeals court has stated that the particularity required by Fed.R.Civ.P. 9(b) means: (1) plaintiff must specify the statements claimed to be false; (2) the complaint must state the time and place where the statements were made; and, (3) plaintiff must identify the defendant claimed to have made the statement. Goldman v. Belden (C.A. 2, 1985), 754 F.2d 1059, 1069-1070. These requirements are intended to place potential defendants on notice of the precise statement being alleged as fraudulent, which is all that Civ.R. 9(B) requires. Id.
* * * Where numerous defendants are claimed to have participated in the fraudulent conduct, it would defeat the purpose of Civ.R. 8 to require a plaintiff to state with precision the exact time *1238 and place of each alleged misrepresentation. See Pierce v. Apple Valley, Inc. (S.D. Ohio 1984), 597 F.Supp. 1480, 1492-1493. Accordingly, a court should give due deference to the circumstances which surround the alleged fraudulent acts when invoking the requirement of particularity to test the sufficiency of a claim pursuant to Civ.R. 12(B)(6).
Korodi v. Minot , 40 Ohio App.3d 1, 531 N.E.2d 318 (10th Dist.1987).
{¶ 21} Here, Spit Shine alleged that it entered into several contracts with appellees and that at some point, some type of promise regarding exclusivity was made. The complaint fails to allege when this statement was made and by whom.
{¶ 22} Further, the allegations against R.C.A. are even more amorphous. Under the fraudulent misrepresentation claim, the complaint fails to allege any wrongdoing on the part of this entity. In its brief, Spit Shine argues that agents or employees of R.C.A., acting as agents for R.C. Honda and R.C. Hyundai, behaved fraudulently. However, the complaint alleges that Spit Shine entered into contract with R.C. Honda and R.C. Hyundai, with no mention of R.C.A.
{¶ 23} Spit Shine points to N. v. Higbee Co. , 131 Ohio St. 507, 3 N.E.2d 391 (1936), for support. Specifically, Spit Shine claims that this case stands for the proposition that a parent company may be held liable for the contractual obligations of a subsidiary company if the complaining party was defrauded by wrongful control exercised by the parent over the subsidiary. Since Higbee was decided, the Ohio Supreme Court has added additional elements that must be satisfied in order to pierce the corporate veil. The more modern test requires the following:
[T]he corporate form may be disregarded and individual shareholders held liable for corporate misdeeds when (1) control over the corporation by those to be held liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.
Belvedere Condominium Unit Owners' Assn. v. R.E. Roark Cos. , 67 Ohio St.3d 274, 289, 617 N.E.2d 1075 (1993). See also Dombroski v. WellPoint, Inc. , 119 Ohio St.3d 506, 2008-Ohio-4827, 895 N.E.2d 538 (modifying the second prong of the Belvedere test to include a broader range of offenses that could result in discarding corporate protections).
{¶ 24} Spit Shine's second amended complaint fails to even mention R.C.A. at all in its fraudulent misrepresentation claim. The complaint alleges that Spit Shine was informed by representatives of R.C. Honda and R.C. Hyundai that the agreements with Spit Shine were exclusive contracts. There is no allegation of any domination or control by R.C.A.
{¶ 25} The trial court appropriately found that Spit Shine's fraudulent misrepresentation claim was not pled with sufficient particularity. It is important to note that the trial court offered Spit Shine an opportunity to amend its complaint to better elucidate its claims, and Spit Shine failed to provide further factual details.
III. Conclusion
{¶ 26} The trial court inappropriately found that the failure to attach a contract is itself grounds for dismissal pursuant to Civ.R. 12(B)(6), but the court correctly granted appellees' motion to dismiss because Spit Shine's complaint fails to state a claim as set forth above.
{¶ 27} Judgment affirmed.
TIM McCORMACK, P.J., and
MARY J. BOYLE, J., CONCUR

Appellee indicates that a review of the Ohio secretary of state's records indicates that "Spit Shine A One Detailer's" was a registered trade name that was cancelled on May 23, 2016, which appears to be associated with appellant, but there is no record of a limited liability company filing bearing the name captioned in the complaint.

The trial court's decision wrongly concludes that the contract was between Milton Hall and R.C. Honda. The first paragraph of the contract indicates it is between "Rick Case Honda" and "A One Detailers." The contract was signed by M. A. Hall with a signature line denoting a signature on behalf of "A One Detailers."

Here, appellees used that rule to request a more definite statement. The trial court granted the motion, and Spit Shine filed a second amended complaint, but failed to remedy the problems the trial court identified.