[Cite as *Sal's Heating & Cooling, Inc. v Bers Acquisition Co., L.L.C.*, 2022-Ohio-1756.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SAL'S HEATING AND COOLING
INC.,

       Plaintiff-Appellant,

       v.

BERS ACQUISITION CO., LLC, ET AL.,

       Defendants-Appellees.

:

:

:

:

:

:

:

No. 110685

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 26, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-941545

---

### *Appearances:*

Dan Morell & Associates, L.L.C., Dan A. Morrell, Jr., and
Lisa M. Lahrmer, *for appellants*.

Benesch, Friedlander, Coplan & Aronoff, LLP, Thomas O.
Crist, and Richard Hepp, *for appellees*.

EMANUELLA D. GROVES, J.:

{¶ 1} Plaintiff-appellant, Sal's Heating and Cooling, Inc. ("Sal's"), appeals the trial court's dismissal of Counts 7 and 8 of its complaint for injunctive relief and damages against three corporate defendants and their principals, as well as against 13 of Sal's former employees. For the reasons set forth below, we affirm.

## Procedural and Factual History

{¶ 2} Sal's provides heating and air conditioning repair and installation, as well as other contracting services to residential and commercial customers in Northeast Ohio. To protect its valuable and confidential information relating to business operations including, but not limited to, client lists, employee lists, vendor information, pricing, advertising guidelines, and trade secrets, Sal's requires that its employees sign a "Non-Competition Agreement" and/or an "Employee Confidentiality/Security Agreement."

{¶ 3} The Non-Competition Agreement contained three covenants, which provided in part that: (1) for a period of two years after termination of employment, the former employee will not directly or indirectly engage in any business that competes with Sal's; (2) for a period of two years after employee's termination, the former employee shall not directly or indirectly solicit business from, or attempt to sell, license or provide the same or similar products or services as were presently provided to any Sal's client or customer; and (3) for a period of two years after termination, the former employee will not directly or indirectly solicit, induce, or attempt to induce any Sal's employee to terminate his or her employment with Sal's.

{¶ 4} The Employee Confidentiality/Security Agreement contained seven covenants. Paramount among the covenants was the employee's acknowledgment that he or she will develop and be exposed to information that was or will be confidential and proprietary to Sal's. Further, that the employee agreed to use such information only in the performance of his or her duties with Sal's, to maintain such

information in confidence, and to disclose the information only with the consent or upon the direction of Sal's.

{¶ 5} In Spring 2020, several Sal's employees went to work for either BERS Acquisition Co., LLC ("BERS"), or HUGE Acquisition Co., LLC ("HUGE"). Sal's employees Nyle LaForce, Robert Sibley, Dean Pieronek, Brandon Tague, Da'Rell Albert, Ediva Johnson, Jack Salem, Bruce LaForce, and Donald Supeck went to work for BERS. While Terry Reitz, James Damm, Matthew Waldren, and William May went to work for HUGE (The individuals named above, who went to work for either BERS or HUGE, are collectively, "former employees"). The former employees went to work for BERS and HUGE in the same capacities as their previous employment with Sal's.

{¶ 6} BERS and HUGE are both engaged in providing the same services as Sal's, operate in the same market, and thus compete with Sal's. BERS and HUGE are owned by JAWS-SDG Holdings, LLC ("JAWS"), a privately held limited liability company that is owned by Jesse A. Warren ("Warren"). Warren, through JAWS, purchased BERS from Bryan E. Rutkosky ("Rutkosky"), and HUGE from Mark W. Huge ("Huge").

{¶ 7} On May 18, 2020, Sal's sent a cease-and-desist letter to BERS, Warren, Ruthosky, and Nyle LaForce ("LaForce") in reference to BERS' hiring of LaForce in breach of his non-competition and confidentiality agreements. On June 2, 2020, Sal's sent a cease-and-desist letter to HUGE, Warren, Huge, and Terry Reitz

("Reitz") in reference to HUGE's hiring of Reitz in breach of his non-competition and confidentiality agreements.

{¶ 8} On December 16, 2020, Sal's filed suit against BERS, HUGE, JAWS, their principals, and against its former employees, who had left to work for its competitors. The complaint, which was twice amended, brought claims for breach of non-competition agreement, breach of non-solicitation agreement, breach of contractual duty not to disclose confidential and proprietary information, violation of Ohio's Uniform Trade Secret Act ("OUTSA"), tortious interference, and civil conspiracy.

{¶ 9} In the complaint, Sal's specifically alleged that BERS, HUGE, JAWS, and Warren have jointly conspired to knowingly solicit, hire, and/or retain Sal's customers, vendors, and employees as an improper means to utilize the valuable confidential information that Sal's employees acquired during the scope and course of their employment with Sal's. In addition, that despite being clearly informed that Sal's former employees were subject to Non-Competitive Agreements and/or Employee Confidentiality/Security Agreement or both, these defendants have continued to conspire to solicit, hire and/or retain Sal's trained and valuable employees to both utilize the skills of Sal's employees and its proprietary and confidential information obtained in the course and scope of their employment with Sal's. Further, Sal's alleged that the former employees' intimate knowledge of its business affairs and operations has given BERS and HUGE an unfair business

advantage and has caused and will continue to cause irreparable damage unless the covenants and agreements not to compete are enforced.

{¶ 10} On March 1, 2021, the defendants filed a motion to dismiss Counts 2, 3, 4, 7, and 8 of the second amended complaint and to provide a more definite statement.

{¶ 11} On June 24, 2021, the trial court denied defendant's motion to dismiss Counts 2, 3, and 4. The trial court granted defendant's motion to dismiss Counts 7 and 8, and for a more definite statement.

{¶ 12} Sal's now appeals and assigns the following errors for review:

### Assignment of Error No.1

The trial court erred as a matter of law in dismissing count seven of appellant's complaint in finding that appellant failed to plead an underlying tort that would be actionable as an independent cause of action to make out a civil conspiracy claim against appellees Rutkosky and Mark Huge.

### Assignment of Error No. 2

The trial court erred in dismissing count eight of appellant's complaint in finding that count eight is preempted by the Ohio Uniform Trade Secret Act.

### Law and Analysis

{¶ 13} In the first assignment of error, Sal's argues the trial court erred in dismissing Count 7, civil conspiracy, on the basis that it failed to plead an underlying tort.

{¶ 14} Preliminarily, the trial court dismissed the respective counts pursuant to Civ.R. 12(B)(6). "A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim

on which relief can be granted "'is procedural and tests the sufficiency of the complaint.'"" *Harper v. Weltman, Weinberg & Reis Co., L.P.A.*, 8th Dist. Cuyahoga No. 107439, 2019-Ohio-3093, ¶ 11, quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), citing *Assn. for Defense of Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989).

{¶ 15} "A trial court's review of a Civ.R. 12(B)(6) motion to dismiss is limited to the four corners of the complaint along with any documents properly attached to, or incorporated within, the complaint." *Lakeside Produce Distrib. v. Wirtz*, 8th Dist. Cuyahoga No. 109460, 2021-Ohio-505, ¶ 11, citing *Glazer v. Chase Home Fin. L.L.C.*, 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5589, ¶ 38. "Within those confines, a court accepts as true all material allegations of the complaint and makes all reasonable inferences in favor of the nonmoving party." *Srokowski v. Shay*, 8th Dist. Cuyahoga No. 100739, 2014-Ohio-3145, ¶ 10, citing *Fahnbulleh v. Strahan*, 73 Ohio St.3d 666, 667, 653 N.E.2d 1186 (1995).

{¶ 16} "It is a long-standing principle that a plaintiff is not required to prove his or her case within the complaint at the pleading stage." *Dean v. Cuyahoga Cty. Fiscal Office*, 8th Dist. Cuyahoga No. 107824, 2019-Ohio-5115, ¶ 16, citing *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144-145, 573 N.E.2d 1063 (1991). "'Consequently, as long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.'" *Id.*, quoting *York* at 145.

{¶ 17} An appellate court reviews de novo a trial court's decision granting a motion to dismiss under Civ.R. 12(B)(6). *Figgie v. Figgie*, 8th Dist. Cuyahoga No. 109834, 2021-Ohio-1812, ¶ 7, citing *Naiman Family Partners, L.P. v. Saylor*, 2020-Ohio-4987, 161 N.E.3d 83, ¶ 11 (8th Dist.), citing *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5, "In applying the de novo standard of review, this court independently reviews the record without affording deference to the trial court's judgment." *Id.*, citing *Penniman v. Univ. Hosps. Health Sys.*, 2019-Ohio-1673, 130 N.E.3d 333, ¶ 7 (8th Dist.), citing *Bandy v. Cuyahoga Cty.*, 8th Dist. Cuyahoga No. 106635, 2018-Ohio-3679, ¶ 10, citing *Herakovic v. Catholic Diocese of Cleveland*, 8th Dist. Cuyahoga No. 85467, 2005-Ohio-5985, ¶ 13.

**Civil Conspiracy**

{¶ 18} "To establish a civil conspiracy claim, the plaintiff must prove: '(1) a malicious combination of two or more persons, (2) causing injury to another person or property, and (3) the existence of an unlawful act independent from the conspiracy itself.'" *Goree v. Northland Auto Ent.*, 8th Dist. Cuyahoga No. 108881, 2020-Ohio-3457, ¶ 78, citing *Bentkowski v. Trafis*, 2015-Ohio-5139, 56 N.E.3d 230, ¶ 50 (8th Dist.), quoting *Kelley v. Buckley*, 193 Ohio App.3d 11, 2011-Ohio-1362, 950 N.E.2d 997, ¶ 70 (8th Dist.), citing *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 700 N.E.2d 859 (1998).

{¶ 19} In this matter, regarding its claim for civil conspiracy, Sal's alleged in pertinent part as follows:

86. [A]lthough Warren is the controlling member of both BERS and HUGE, both Rutkosky and/or Mark Huge appear to have publicly retained some interest or involvement in each of these entities despite privately stating they have not.

87. At the time of the BERS and HUGE purchases, Rutkosky had assigned his HVAC and Plumbing licenses to BERS and Mark Huge and [David E.] Brenneis[1] had assigned their HVAC licenses to HUGE, and these assignments permit BERS and HUGE to comply with the O.R.C. 4740.13 requirement that each company must be assigned a valid license of a registered contractor.

88. O.R.C. 4740.13 provides that any license that ceases to be actively engaged with and/or employed by the contracting company must notify the appropriate specialty section of the Construction Industry Licensing Board within ninety calendar days from the time a license assignment becomes invalid.

* * *

90. Despite the foregoing, Rutkosky, Mark Huge, and Brenneis permitted and/or continue to permit their HVAC and/or plumbing licenses to be assigned to and/or utilized by BERS and/or HUGE by renewing their annual license assignments under the apparent former entities known as BERS and /or HUGE, after each former entity's sale to BERS and HUGE.

91. Rutkosky, Mark Huge, and Brenneis permitted assignment and/or continuing renewed assignments of their licenses have allowed BERS and HUGE and/or Warren to hold themselves out as an otherwise legal and validly operating HVAC contracting company that are fully and lawfully able to both undertake HVAC projects and to appear as an otherwise desirable employer(s) to Sal's employees who know of the former BERS and HUGE names by reputation.

* * *

93. Rutkosky, Mark, and/or Brenneis improperly assigned their licenses to BERS and/or HUGE and these actions constitute an independent tortious act, as the duty to notify the Construction Industry Licensing Board of an entity's legal ownership status change

---

[1] By agreement, Brenneis, the former general manager of HUGE, was dismissed from the case.

lies with the licensee to so inform the Board that they no longer own nor manage the assigned contracting companies as identified in filings with the Ohio Secretary of State.

{¶ 20} However, as previously stated, after viewing the above allegations as true and in a light most favorable to Sal's, the trial court found that Count 7 could not survive because it failed to plead an underlying tort that would be actionable as an independent cause of action.

{¶ 21} Notwithstanding the trial court's conclusion, Sal's contends that Rutkosky and Huge violated R.C. 4740.13, by allowing BERS, HUGE, and Warren to utilize their HVAC licenses. Yet, we too fail to see any indicia that an independent cause of action exists on account of Rutkosky and Huge allegedly assigning their HVAC licenses to BERS and HUGE.

{¶ 22} To begin, R.C. 4740.13 provides in part that

(A) No person shall act as or claim to be a type of contractor that this chapter licenses unless that person holds or has been assigned a license issued pursuant to this chapter for the type of contractor that person is acting as or claiming to be.

{¶ 23} Here, as we can clearly observe, R.C. 4740.13 is a statutory provision that requires contractors engaged in certain skilled trades to be assigned or issue a license. Sal's does not dispute that a statutory violation, as it alleges here, is not a tort. Sal's recognizes the requirement that it must allege facts to separately support an unlawful act or tort. Sal's maintains it has sufficiently supported the claim and relies on our decision in *Mangelluzzi v. Morley*, 2015-Ohio-3143, 40 N.E.3d 588 (8th Dist.). However, we find Sal's reliance on *Mangelluzzi* misplaced.

{¶ 24} In *Mangelluzzi*, we found that the Mangelluzzis had sufficiently satisfied Civ.R. 8 in pleading a civil conspiracy claim, because they alleged that the Morleys maliciously conspired and acted with the intent of depriving them of their right to privacy, intending to cause them emotional distress, and intending damage to their reputations in the community. *Id.* at ¶ 55. Thus, based on the specific instances of misconduct identified in the complaint, we could reasonably infer that the Morleys conspired together in committing the alleged torts. *Id.*

{¶ 25} Critically, present in *Mangelluzzi,* but missing here, is the independent act. As we stated then, "[a]dditionally, having already found that the other torts survive the pleadings stage, an independent act exists to support the claim [of civil conspiracy]." *Id.* That Sal's has alleged that Rukosky and Huge have assigned their licenses to BERS and HUGE, does not automatically transform the alleged act into an independent cause of action. Thus, without an independent act, Sal's reliance on *Mangelluzzi* is misplaced.

{¶ 26} As alluded to earlier, an action for civil conspiracy cannot be maintained unless an underlying unlawful act is committed. *Olive Oil, L.L.C. v. Cleveland Elec. Illum. Co.*, 8th Dist. Cuyahoga No. 109553, 2021-Ohio-2309, ¶ 20, citing *Williams v. United States Bank Shaker Square*, 8th Dist. Cuyahoga No. 89760, 2008-Ohio-1414, ¶ 16, citing *Gosden v. Louis*, 116 Ohio App.3d 195, 219, 687 N.E.2d 481 (9th Dist.1996). Here, Sal's failure to plead an unlawful act, that is separate and apart from the conspiracy itself, proves fatal to this claim.

{¶ 27} Further, pursuant to R.C. 4740.13(B), Sal's has no standing to bring an independent cause of action against Rutkosky and Huge for the violations alleged.   That subsection provides as follows:

> (B) Upon the request of the appropriate specialty section of the Ohio construction industry licensing board, the attorney general may bring a civil action for appropriate relief, including but not limited to a temporary restraining order or permanent injunction in the court of common pleas of the county where the unlicensed person resides or is acting as or claiming to be a licensed contractor.

{¶ 28} Here, a plain reading of the statute reveals that it is within the province of the Ohio Construction Industry Licensing Board (the "Board"), not Sal's, to initiate actions to enforce compliance with the statute.   Under the framework delineated in R.C. 4740.16, "an investigator appointed by the director of commerce, on behalf of the appropriate specialty section of the Ohio construction industry licensing board may investigate any person who allegedly has violated section 4740.13 of the Revised Code." R.C. 4740.16(A).

{¶ 29} If

> after an investigation pursuant to section 4740.05 of the Revised Code, the appropriate specialty section determines that reasonable evidence exists that a person has violated section 4740.13 of the Revised Code, the appropriate specialty section shall send a written notice to that person in the same manner as prescribed in section 119.07 of the Revised Code for licensees.

*Id.*

{¶ 30} Next,

> [t]he appropriate specialty section shall hold a hearing regarding the alleged violation in the same manner prescribed for an adjudication hearing under section 119.09 of the Revised Code. If the appropriate specialty section, after the hearing, determines a violation has

occurred, the appropriate specialty section, upon an affirmative vote of a majority of its members, may impose a fine on the person, not exceeding one thousand dollars per violation per day and may file a complaint against the person with the appropriate local prosecutor for criminal prosecution. The appropriate specialty section's determination is an order that the person may appeal in accordance with section 119.12 of the Revised Code.

R.C. 4740.16(B).

{¶ 31} Thus, in addition to the inability of the alleged violation to serve as an independent cause of action to support a claim of civil conspiracy, Sal's has no standing, under R.C. 4740.13, to bring an independent cause of action against Rutkosky and Huge for the alleged violation of that statute.

{¶ 32} Although the power to investigate and to address violations of R.C. 4740.13 is vested in the Board, Sal's now claims that R.C. 2307.60 creates a statutory cause of action resulting from any criminal act. Sal's suggests that a statutory tort action, pursuant to R.C. 2307.60(A)(1), is sufficient to serve as the underlying tort to support its civil conspiracy claim.

{¶ 33} Briefly, under R.C. 2307.60(A)(1), "anyone injured in person or property by a criminal act has, and may recover full damages in, a civil action unless specifically excepted by law * * *."

{¶ 34} However, Sal's did not raise this argument in the trial court. It is well established that "a party cannot raise new arguments and legal issues for the first time on appeal, and that failure to raise an issue before the trial court waives that issue for appellate purposes." *Hudson & Keyse LLC v. Sherrills*, 8th Dist. Cuyahoga No. 110366, 2022-Ohio-126, ¶ 14, citing *Miller v. Cardinal Care Mgt.,* 8th Dist.

Cuyahoga No. 107730, 2019-Ohio-2826, ¶ 23, citing *Cleveland Town Ctr., L.L.C. v. Fin. Exchange Co. of Ohio, Inc.,* 2017-Ohio-384, 83 N.E.3d 383, ¶ 28 (8th Dist.); *Kalish v. Trans World Airlines, Inc.,* 50 Ohio St.2d 73, 79, 362 N.E.2d 994 (1977) (appellate courts "will not consider a question not presented, considered, or decided by a lower court"). Thus, we will not consider this argument for the first time on appeal.

{¶ 35} Undeterred, Sal's further argues that Rutkosky and Hughes, by assigning their licenses, misrepresented the licensing status of BERS and HUGE to the public as well as to the state Board. Sal's contends this supports a claim for fraudulent misrepresentation sufficient to support the claim of civil conspiracy.

{¶ 36} It is important to note that Sal's claim for fraudulent misrepresentation constitutes a fraud claim that must be pled with particularity. *Glazer v. Chase Home Fin. L.L.C.,* 8th Dist. Cuyahoga Nos. 99875 and 99736, 2013-Ohio-5589, at ¶ 83. Civ.R. 9(B) provides, "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

{¶ 37} To establish a claim of fraudulent representation, a plaintiff must establish the following:

> "(a) a representation or, where there is a duty to disclose, concealment of a fact, (b) which is material to the transaction at hand, (c) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (d) with the intent of misleading another into relying upon it,

(e) justifiable reliance upon the representation or concealment, and (f) a resulting injury proximately caused by the reliance."

*Spit Shine A Detailer, L.L.C. v. Rick Case Hyundai,* 2017-Ohio-8888, 100 N.E.3d 1231, ¶ 17, citing *Groob v. KeyBank*, 108 Ohio St.3d 348, 357, 2006-Ohio-1189, 843 N.E.2d 1170, ¶ 47, quoting *Gaines v. Preterm-Cleveland, Inc.,* 33 Ohio St.3d 54, 55, 514 N.E.2d 709 (1987).

{¶ 38} Here, we can easily observe that Sal's cannot establish a claim for fraudulent misrepresentation. Notably absent is a transaction between Sal's and either of these two individuals. As a result, we find this present claim not well-taken.

{¶ 39} Finally, Sal's argues that the failure of Rutkosky and Huge to insist that BERS, HUGE, and Warren to honor Sal's right to protect its confidential information, trade secrets, and non-competitive agreements is an underlying tort that should suffice to state a claim of civil conspiracy. We find no merit in this assertion.

{¶ 40} In the recent past, we addressed a similar notion in *Godwin v. Facebook, Inc.,* 8th Dist. Cuyahoga No. 109203, 2020-Ohio-4834, and stated:

> According to the drafters of the Restatement of the Law 2d, Torts 122, Section 315 (1965), as adopted in *Gelbman v. Second Nat'l Bank*, 9 Ohio St.3d 77, 79, 458 N.E.2d 1262 (1984), however, there is generally no duty to control the conduct of a third person to prevent harm to another even though "the actor realizes that he has the ability to control the conduct of a third person and could do so with only the most trivial of efforts and without any inconvenience to himself." Restatement of the Law 2d, Torts 122, Section 315, Comment b (1965); *Estates of Morgan v. Fairfield Family Counseling Ctr.,* 77 Ohio St.3d 284, 300, 673 N.E.2d 1311 (1997), fn. 5.

*Id*. at ¶ 20.

{¶ 41} Sal's reliance on the ability of Rutkosky and Hughes to control the conduct of BERS, HUGHES, and Warren does not give rise to a duty to control them as contemplated under Ohio law. As such, we summarily reject this assertion.

{¶ 42} Following our de novo review, we conclude Sal's has failed to allege an "unlawful act" independent from the conspiracy itself. Because Sal's failed to establish the requisite elements to sustain a cause of action for civil conspiracy, his claim fails as a matter of law. As such, the trial court did not err when it dismissed Count 7 of the complaint.

{¶ 43} Accordingly, we overrule Sal's first assignment of error.

{¶ 44} In the second assignment of error, Sal's argues the trial court erred when it found that Count 8 was preempted by the OUTSA.

**Misappropriation of Trade Secrets**

{¶ 45} Relevantly, effective July 20, 1994, the General Assembly enacted OUTSA, R.C. 1333.61 through 1333.69, which provides for civil remedies, i.e., injunctive relief and damages, for the misappropriation of trade secrets. *Berardi's Fresh Roast, Inc. v. PMD Ent., Inc.*, 8th Dist. Cuyahoga No. 93920, 2010-Ohio-5124, citing *State ex rel. Besser v. Ohio State Univ.,* 87 Ohio St.3d 535, 538-539, 721 N.E.2d 1044 (2000), citing *State ex rel. The Plain Dealer v. Ohio Dept. of Ins.,* 80 Ohio St.3d 513, 523, 687 N.E.2d 661 (1997).

{¶ 46} Additionally, section R.C. 1333.67(A) states that OUTSA displaces "conflicting tort, restitutionary, and other laws of this state providing civil remedies for misappropriation of a trade secret." *Tomaydo-Tomahhdo L.L.C. v. Vozary*,

2017-Ohio-4292, 82 N.E.3d 1180, ¶ 47 (8th Dist.). *See Rogers Indus. Prods. v. HF Rubber Mach., Inc.,* 188 Ohio App.3d 570, 2010-Ohio-3388, 936 N.E.2d 122 (9th Dist.); *Allied Erecting & Dismantling Co., v. Genesis Equip. & Mfg.,* 649 F.Supp.2d 702, 720 (N.D.Ohio 2009).

{¶ 47} In Count 8, Sal's alleged that BERS, HUGE, JAWS, Warren, Rutkoksy, Huge, Nyle LaForce, Reitz, Damm, and Sibley conspired to misappropriate its trade secrets and induce former employees to breach their contractual obligation to Sal's. In dismissing Count 8, the trial court found that the civil conspiracy claim is specifically linked to the alleged theft of trade secrets, which is asserted in Counts 4 and 5. Thus, it was preempted by OUTSA.

{¶ 48} Sal's argues against preemption citing *Glasstech, Inc. v. TGL Tempering Sys., Inc.,* 50 F.Supp.2d 722, 730 (N.D.Ohio 1999), for the proposition that under OUTSA only claims that are based entirely on factual allegations of misappropriation of trade secrets are preempted.

{¶ 49} However, we find the Southern District's discussion in *Campfield v. Safelite Grp., Inc.,* S.D.Ohio No. 2:15-cv-2733, 2021 U.S. Dist. LEXIS 62070 (Mar. 31, 2021), of a broader approach, applicable to this matter. We visit the discussion here:

> The OUTSA incorporates the Uniform Trade Secrets Act's displacement of "conflicting tort, restitutionary, and other laws of this state providing civil remedies for misappropriation of a trade secret." *Stolle v. Mach. Co., LLC v. Ram Precision Indus.,* 605 F.App'x 473, 484 (6th Cir.2015), quoting R.C. 1333.67(A). If a civil remedy is not based on misappropriation of a trade secret, it is not preempted. *Id.,* quoting R.C. 1333.67(B)(2).

The Sixth Circuit has adopted a broader interpretation of OUTSA preemption, finding that it "should be understood to preempt not only causes of action for misappropriation of trade secrets but also causes of action that are based in some way on misappropriation of trade secrets." *Id.*

The test to determine whether a state law claim is displaced by OUTSA is to determine whether "the claims are no more than a restatement of the same operative facts that formed the basis of the plaintiff's statutory claim for trade secret misappropriation." *Id.* at 485, quoting *Thermodyn Corp. v. 3M Corp.,* 593 F.Supp.2d 972, 989 (N.D.Ohio 2008).

"Where the state-law claim has a factual basis independent from the facts establishing the OUTSA claim, the portion of the claim supported by an independent factual basis survives preemption." *Id.*, quoting *Miami Valley Mobile Health Servs., Inc. v. ExamOne Worldwide, Inc.,* 852 F.Supp.2d 925, 940 (S.D.Ohio 2012).

{¶ 50} Embracing this broader approach, we have reviewed Counts 4, 5, and 8 of Sal's second amended complaint. Our review reveals that Sal's redeploys throughout the same operative facts that form the basis for its statutory claim for trade secret misappropriation.

{¶ 51} As illustration, in Count 4, it is alleged that

Sal's Former Employee Defendants have and/or continue to use improper means to misappropriate and exploit Sal's confidential and proprietary trade secret information to benefit themselves and/or their employers, Defendants, BERS and/or HUGE, for whom they have worked since leaving Sal's employment.

{¶ 52} In Count 5, it is alleged that

BERS, HUGE, JWAS, and/or Warren has and will continue to use the actual proprietary and secret information of Sal's to interfere and/or attempt to interfere with actual established residential commercial customers, and/or to contact and solicit former or prospective Sal's customers whose identity was obtained from Sal's Former Employee Defendants and/or Sal's proprietary information copied or retained by Sal's Former Employee Defendants.

{¶ 53} In Count 8, it is alleged that

BERS, HUGE, JAWS, Warren, Rutkoksy, Mark Huge, Brenneis, Nyle LaForce, Reitz, Damm, and Sibley have maliciously conspired or acted in concert to participate in malicious combination with the intent of misappropriating Plaintiff Sal's trade secrets and/or inducing or attempting to induce the former Sal's employee Defendants and other their contractual agreements of non-competition, non-disclosure, and/or non-solicitation with Plaintiff Sal's * * *.

{¶ 54} As reflected in the above excerpt, the central theme of the three counts is the misappropriation of trade secrets. In substance, the allegations contained in the respective counts are mirror images of each other. As such, the trial court did not err when it concluded that Count 8 was preempted by OUTSA.

{¶ 55} Accordingly, we overrule Sal's second assignment of error.

{¶ 56} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR